IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SP TECHNOLOGIES, INC. § | |
| § | |
| Plaintiff, § | Civil Action No. 08-CV-3248 |
| § | |
| v. § | Honorable Judge Pallmeyer |
| § | Mag. Judge Valdez |
| § | |
| GARMIN LIMITED, GARMIN § | |
| INTERNATIONAL, INC., TOMTOM, § | |
| INC. and MAGELLAN § | JURY TRIAL DEMANDED |
| NAVIGATION, INC. § | |
| Defendants. § | |
| § | |

---

**MAGELLAN NAVIGATION, INC.'S ANSWER AND COUNTERCLAIMS TO SP TECHNOLOGIES, INC.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT, AND JURY DEMAND**

---

Defendant MAGELLAN NAVIGATION, Inc. (hereinafter, "MAGELLAN") hereby answers the Amended Complaint For Patent Infringement brought by Plaintiff SP Technologies, Inc. (hereinafter "Plaintiff" or "SPT"), as follows:

## NATURE OF ACTION

1.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**REPLY TO CLAIM PARAGRAPH NO. 1:**

MAGELLAN admits the allegations stated in paragraph 1.

### PLAINTIFF SP TECHNOLOGIES AND THE PATENT IN SUIT

2.  SP Technologies, LLC is a Delaware limited liability corporation having offices at 950 North Michigan Avenue, #2406, Chicago, Illinois 60611 and 300 Beach Drive NE #802, St. Petersburg, Florida 33701. SPT owns all right, title and interest in and has standing to sue

for infringement of United States Patent No. 6,784,873 B1 ("the '873 patent"), entitled "Method and Medium for Computer Readable Keyboard Display Incapable of User Termination" issued August 31, 2004 (Exhibit A).

**REPLY TO CLAIM PARAGRAPH NO. 2:**

MAGELLAN admits on information and belief that SPT is a limited liability company organized under the law of Delaware and having offices located at 950 North Michigan Avenue, #2406, Chicago, Illinois 60611 and 300 Beach Drive NE #802, St. Petersburg, Florida 33701. MAGELLAN lacks a sufficient factual basis to admit the remaining allegations of paragraph 2, and therefore denies those allegations on information and belief

**DEFENDANTS**

**Garmin**

3. Defendant Garmin Limited is a corporation organized under the laws of the Cayman Islands and having offices at 1200 East 151st , Olathe, Kansas 66062 and 45 Market Street, Gardenia Court, Camana Bay, Cayman Islands.

**REPLY TO CLAIM PARAGRAPH NO. 3:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 3 and therefore denies those allegations on information and belief.

4. Defendant Garmin International Inc. is a subsidiary of Garmin Ltd. having offices at 1200 East 151st Street, Olathe, Kansas 66062.

**REPLY TO CLAIM PARAGRAPH NO. 4:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 4 and therefore denies those allegations on information and belief.

5. Defendant Garmin International Inc. having one retail store (opened in 2006) where it offers its GPS products for sale located in this judicial district at the Garmin retail store located at 633 North Michigan Avenue, Chicago, Illinois (Exhibit B).

**REPLY TO CLAIM PARAGRAPH NO. 5:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 5 and therefore denies those allegations on information and belief.

6. Defendant Garmin transacts substantial business in this judicial district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by selling and offering to sell at least its touch-screen personal navigation devices ("PND") (such as the nüvi 260, Exhibit C) over the Internet, through Garmin's retail store located in this district at 633 North Michigan Avenue, Chicago, Illinois, 60611 and for example, at the Wal-Mart store in Crystal Lake, Illinois (Exhibit D), and further by inducing residents located in this district to infringe the '873 patent by purchase of accused touch-screen PND products.

**REPLY TO CLAIM PARAGRAPH NO. 6:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 6 and therefore denies those allegations on information and belief.

## TOMTOM

7. Defendant TomTom, Inc. is a corporation of the Commonwealth of Massachusetts having offices at 150 Baker Avenue, Concord, Massachusetts 01742.

**REPLY TO CLAIM PARAGRAPH NO. 7:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 7 and therefore denies those allegations on information and belief.

8. Defendant TomTom transacts substantial business in this district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by offering to sell its touch-screen personal navigation devices ("PNDs") (such as the TomTom *One*, Exhibit E) over the Internet, and through retail stores in this district such as the Wal-Mart store located in Crystal Lake, Illinois (Exhibit D) and further by inducing residents located in this district to infringe the '873 patent by purchasing and using the accused TomTom products.

**REPLY TO CLAIM PARAGRAPH NO. 8:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 8 and therefore denies those allegations on information and belief.

## MAGELLAN

9. Defendant Magellan Navigation, Inc. is a Delaware corporation having offices at 471 El Camino Real, Santa Clara, CA 95050-4300.

**REPLY TO CLAIM PARAGRAPH NO. 9:**

MAGELLAN admits that it is a Delaware corporation having offices at 471 El Camino Real, Santa Clara, California 95050-4300.

10. Defendant Magellan transacts substantial business in this district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by offering to sell its touch-screen personal navigation devices ("PNDs") (such as the Magellan *Maestro 3Z20,* Exhibit F) over the Internet and offering such accused products for sale through numerous retail stores in this district such as the Wal-Mart store located in Crystal Lake, Illinois (Exhibit D) and further by inducing residents located in this district to infringe the '873 patent by purchasing and using the accused Magellan products.

**REPLY TO CLAIM PARAGRAPH NO. 10:**

MAGELLAN admits that it transacts business in this district, and denies the remaining allegations of paragraph 10.

11. Venue is proper in this district as to all defendants under 28 U.S.C. §§ 1391 and 1400(b).

**REPLY TO CLAIM PARAGRAPH NO. 11:**

MAGELLAN does not object to venue in this district as to itself and lacks a sufficient factual basis to admit the remaining allegations of paragraph 11, and therefore denies those allegations on information and belief.

## GARMIN'S ACTS OF PATENT INFRINGEMENT

12. Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**REPLY TO CLAIM PARAGRAPH NO. 12:**

MAGELLAN reasserts its responses to paragraphs 1-11 as if fully set forth herein.

13.　Garmin has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the nűvi 260) and by knowingly and actively inducing others to infringe and by contributing to the infringement by others, located in this judicial district.

**REPLY TO CLAIM PARAGRAPH NO. 13:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 13 and therefore denies those allegations on information and belief.

14.　Garmin's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters an injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe Garmin products that fall within the scope of the '873 patent. SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**REPLY TO CLAIM PARAGRAPH NO. 14:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 14 and therefore denies those allegations on information and belief.

15.　Garmin's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters an injunction prohibiting further infringement of the '873 patent.

**REPLY TO CLAIM PARAGRAPH NO. 15:**

MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 15 and therefore denies those allegations on information and belief.

**TOMTOM'S ACTS OF PATENT INFRINGEMENT**

16.　Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**REPLY TO CLAIM PARAGRAPH NO. 16:**

    MAGELLAN reasserts its responses to paragraphs 1-11 as if fully set forth herein.

    17.    TomTom has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the TomTom *One)* and by knowingly and actively inducing others to infringe and by contributing to the infringement by others, located in this judicial district.

**REPLY TO CLAIM PARAGRAPH NO. 17:**

    MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 17 and therefore denies those allegations on information and belief.

    18.    TomTom's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters an injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe TomTom products that fall within the scope of the '873 patent. SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**REPLY TO CLAIM PARAGRAPH NO. 18:**

    MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 18 and therefore denies those allegations on information and belief.

    19.    TomTom's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters an injunction prohibiting further infringement of the '873 patent.

**REPLY TO CLAIM PARAGRAPH NO. 19:**

    MAGELLAN lacks a sufficient factual basis to admit the allegations of paragraph 19 and therefore denies those allegations on information and belief.

**MAGELLAN'S [ALLEGED] ACTS OF PATENT INFRINGEMENT**

    20.    Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**REPLY TO CLAIM PARAGRAPH NO. 20:**

MAGELLAN reasserts its responses to paragraphs 1-11 as if fully set forth herein.

21.   Magellan has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the Magellan *Maestro 3Z20)* and by knowingly and actively inducing others to infringe and by contributing to the infringement by others, located in this judicial district.

**REPLY TO CLAIM PARAGRAPH NO. 21:**

MAGELLAN denies the allegations stated in paragraph 21.

22.   Magellan's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters an injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe Magellan products that fall within the scope of the '873 patent. SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**REPLY TO CLAIM PARAGRAPH NO. 22:**

MAGELLAN denies the allegations stated in paragraph 22.

23.   Magellan's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters an injunction prohibiting further infringement of the '873 patent.

**REPLY TO CLAIM PARAGRAPH NO. 23:**

MAGELLAN denies the allegations stated in paragraph 23.

24.   To the extent not specifically admitted herein, all allegations are denied by MAGELLAN.

**DEFENSES**

MAGELLAN asserts the defenses set forth below and specifically reserves the right to amend its answer with additional defenses and/or counterclaims if information obtained through

discovery merits such additional defenses and/or counterclaims. MAGELLAN denies that there is any basis in law or fact for Plaintiff to obtain any relief against MAGELLAN. Further, Plaintiff has not requested any relief against MAGELLAN, and cannot be granted any relief as to MAGELLAN.

**FIRST DEFENSE (FAILURE TO STATE A CLAIM)**

25. Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND DEFENSE (INVALIDITY/UNENFORCEABILITY)**

26. The claims of U.S. Patent No. 6,784,873 B1 (the "'873 Patent") are invalid and void because they fail to comply with one or more of the requirements of the patent laws of Title 35, United States Code, including, but not limited to §§ 101, 102, 103, 112 and 132. For example, not as a limitation, each of the claims of the '873 Patent is invalid and/or unenforceable under Title 35 U.S.C., including, but not limited to, the following:

    A.    35 U.S.C. § 102, including, but not limited to, the reason that (1) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant; (2) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the filing date of each patent; (3) the inventor abandoned his invention; (4) the invention was first patented by the applicant in a foreign country prior to the filing date of application for patent in this country on an application for patent filed more than twelve months before the filing of the application in this country; (5) the invention was described in another application before the invention by the applicant for this patent; and/or (6) the inventor of this patent did not himself invent the claimed subject matter;

    B.    35 U.S.C. § 103 because the claimed subject matter is obvious in light of the prior art; and/or

    C.    35 U.S.C. § 112 for indefiniteness and/or failure to comply with the written description or other requirements of this section; and/or

D.　35 U.S.C. § 132 because an amendment during the prosecution of the '873 Patent impermissibly introduced new matter into the disclosure of the invention.

### THIRD DEFENSE (NON-INFRINGEMENT)

27.　MAGELLAN has not infringed nor is it infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '873 Patent.

### FOURTH DEFENSE (LIMITATION ON DAMAGES)

28.　Plaintiff's claims for relief are barred, in whole or in part, for failure to comply with the requirements set forth in Title 35 of the United States Codes, Section 287.

### FIFTH DEFENSE (ESTOPPEL)

29.　By reason of the proceedings in the United States Patent and Trademark Office ("PTO") regarding the patent application which matured into the '873 Patent, and by reason of statements, admissions and/or amendments made by or on behalf of the applicant during those proceedings or during proceedings of a related patent, Plaintiff is estopped from construing any valid claim of the '873 Patent to cover any of the MAGELLAN products which are alleged to infringe the '873 Patent, ether literally or by application of the doctrine of equivalents.

### SIXTH DEFENSE (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

30.　Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff would have an adequate remedy at law.

31.　MAGELLAN reserves the right to all affirmative defenses under Rule 8(c) of the Fed. R. Civ. P., the Patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation based on discovery or further factual investigation in this case.

### MAGELLAN'S COUNTERCLAIMS

Pursuant to Rule 13, Federal Rule of Civil Procedure, Defendant and Counterclaimant MAGELLAN counterclaims against Plaintiff and Counterclaim-defendant SPT, Inc. as follows:

## I.　　THE PARTIES

1.　　MAGELLAN is a corporation organized and existing under the laws of Delaware and has a principal place of business at 471 El Camino Real, Santa Clara, California 95050-4300. MAGELLAN transacts business in the state of Illinois.

2.　　MAGELLAN alleges on information and belief that SPT is a corporation organized under the law of Delaware and having offices located at 950 North Michigan Avenue, #2406, Chicago, Illinois 60611.

3.　　MAGELLAN alleges that U.S. Patent No. 6,784,873 B1 (the "'873 Patent") was issued on August 31, 2004, and that SPT alleges in its Amended Complaint in this action that it owns all right, title and interest in the '873 Patent.

## II.　　JURISDICTION & VENUE

4.　　This is an action for a declaration of non-infringement and invalidity of the '873 Patent arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

5.　　This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.　　This Court has personal jurisdiction over Plaintiff because it filed the Amended Complaint in this Court.

7.　　This is an exceptional case under 35 U.S.C. § 285, and MAGELLAN reserves the right to recover attorney's fees in connection with this action.

8.　　To the extent venue is proper as to Plaintiff's Amended Complaint, MAGELLAN asserts the counterclaims as follows.

## III.　　FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT OF NONINFRINGEMENT

9.　　MAGELLAN repeats the allegations set forth in paragraphs 1 to 8 as if fully set forth herein.

10. SPT has initiated a civil action against MAGELLAN by filing the Amended Complaint in this Court alleging that MAGELLAN has infringed the '873 Patent.

11. MAGELLAN has not infringed and does not infringe any valid claim of the '873 Patent.

12. An actual and justiciable controversy exists between MAGELLAN and SPT as to whether MAGELLAN infringes the '873 Patent.

13. MAGELLAN requests declaratory judgment that it does not infringe the '873 Patent.

## IV.   SECOND COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY/UNENFORCEABILITY

14. MAGELLAN repeats the allegations set forth in paragraphs 1 to 13 as if fully set forth herein.

15. The claims of the '873 Patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including Sections 101, 102, 103, 112 and/or 132.

16. An actual and justiciable controversy exists between MAGELLAN and SPT as to whether the claims of the '873 Patent are invalid.

17. MAGELLAN requests declaratory judgment that the '807 Patent and the '141 Patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, MAGELLAN prays:

A. That the Amended Complaint filed by SPT be dismissed in its entirety with prejudice, that judgment be entered in favor of MAGELLAN and against SPT, and that SPT be denied all relief requested in its Amended Complaint;

B. That the Court enter a declaratory judgment that MAGELLAN has not infringed the '873 Patent;

C. That the Court enter a declaratory judgment that the '873 Patent is invalid;

D.   That the Court find this an exceptional case and award MAGELLAN its attorneys' fees, costs and expenses in this action; and

E.   That the Court grant MAGELLAN such other and further relief as it may deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b), MAGELLAN hereby demands a trial by jury on all issues so triable.

*   *   *

Dated: August 13, 2008	Respectfully submitted,


	_____/s/ Kevin J. O'Shea_____

	Herbert H. Finn
	Kevin J. O'Shea
	GREENBERG TRAURIG LLP
	77 W. Wacker Drive
	Suite 2500
	Chicago, Illinois 60601
	Telephone:  (312) 456-1025
	Facsimile:  (312) 899-0385
	E-mail: osheak@gtlaw.com

	E. Patrick Ellisen (*pro hac vice application pending*)
	Daniel T. McCloskey Ellisen (*pro hac vice application pending*)
	GREENBERG TRAURIG, LLP
	1900 University Avenue, 5th Floor
	East Palo Alto, CA 94303
	Telephone:	(650) 328-8500
	Facsimile:	(650) 328-8508
	Email:	ellisenp@gtlaw.com
		mccloskeyd@gtlaw.com

	Brian A. Carpenter Ellisen (*pro hac vice application pending*)
	GREENBERG TRAURIG, LLP
	1200 17th Street, Suite 2400
	Denver, Colorado 80202
	Telephone:	(303) 572-6500
	Facsimile:	(303) 572-6540
	Email:	carpenterb@gtlaw.com

	**Attorneys for Defendant and Counterclaimant,**
	MAGELLAN NAVIGATION, Inc.

**NOTIFICATION AS TO AFFILIATES**

Pursuant to L.R. 3.2, the undersigned states that MAGELLAN has no publicly held affiliates.

Dated: August 13, 2008

Respectfully submitted,

    /s/ Kevin J. O'Shea

Herbert H. Finn
Kevin J. O'Shea
GREENBERG TRAURIG LLP
77 W. Wacker Drive
Suite 2500
Chicago, Illinois 60601
Telephone: (312) 456-1025
Facsimile: (312) 899-0385
E-mail: osheak@gtlaw.com


E. Patrick Ellisen (*pro hac vice application pending*)
Daniel T. McCloskey Ellisen (*pro hac vice application pending*)
GREENBERG TRAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email: ellisenp@gtlaw.com
          mccloskeyd@gtlaw.com


Brian A. Carpenter Ellisen (*pro hac vice application pending*)
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
Email: carpenterb@gtlaw.com

**Attorneys for Defendant and Counterclaimant,**
MAGELLAN NAVIGATION, Inc.

14

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with the General Order on Electronic Case Filing § 11.  Subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing constitutes service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49 (b) as to all E-filers in a case assigned to ECF.  As such, this document was served on all counsel who have consented to electronic service, on this the 13th day of August, 2008.

                                                 */s/ Kevin J. O'Shea*
                                                 Kevin J. O'Shea