IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SP TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>GARMIN LIMITED, GARMIN, INTERNATIONAL, INC., TOMTOM, INC., and MAGELLAN NAVIGATION, INC.,<br><br>                    Defendants. | Civil Action No. 08 CV 3248<br><br>Honorable Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Maria Valdez<br><br>JURY TRIAL DEMANDED |

### GARMIN INTERNATIONAL, INC.'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Garmin International, Inc. ("Garmin") hereby files this Answer to SP Technologies, LLC's ("SPT") Amended Complaint.

### NATURE OF THE ACTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**Answer:** Garmin admits that the above-captioned actions purport to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Garmin admits that this Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a). Garmin denies that it has committed any acts of patent infringement.

### PLAINTIFF SP TECHNOLOGIES AND THE PATENT IN SUIT

2. SP Technologies, LLC is a Delaware limited liability corporation having offices at 950 North Michigan Avenue, #2406, Chicago, Illinois 60611 and 300 Beach Drive NE

#802, St. Petersburg, Florida 33701. SPT owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 6,784,873 B1 ("the '873 patent"), entitled "Method and Medium for Computer Readable Keyboard Display Incapable of User Termination" issued August 31, 2004 (Exhibit A).

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Amended Complaint and, therefore, denies the same.

## **DEFENDANTS**

### **Garmin**

3. Defendant Garmin Limited is a corporation organized under the laws of the Cayman Islands and having offices at 1200 East 151st, Olathe, Kansas 66062 and 45 Market Street, Gardenia Court, Camana Bay, Cayman Islands.

**Answer:** Garmin denies that Garmin Limited has offices at 1200 East 151st, Olathe, Kansas 66062 but otherwise admits the allegations contained in paragraph 3 of the Amended Complaint.

4. Defendant Garmin International Inc. is a subsidiary of Garmin Ltd. having offices at 1200 East 151st Street, Olathe, Kansas 66062.

**Answer:** Garmin admits the allegations contained in paragraph 4 of the Amended Complaint.

5. Defendant Garmin International Inc. having one retail store (opened in 2006) where it offers its GPS products for sale located in this judicial district at the Garmin retail store located at 633 North Michigan Avenue, Chicago, Illinois (Exhibit B).

**Answer:** Garmin admits the allegations contained in paragraph 5 of the Amended Complaint.

6.     Defendant Garmin transacts substantial business in this judicial district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by selling and offering to sell at least its touch-screen personal navigation devices ("PNDs") (such as the nüvi 260, Exhibit C) over the Internet, through Garmin's retail store located in this district at 633 North Michigan Avenue, Chicago, Illinois, 60611 and for example, at the Wal-Mart store in Crystal Lake, Illinois (Exhibit D), and further by inducing residents located in this district to infringe the '873 patent by purchase of accused touch-screen PND products.

**Answer:** To the extent the allegations in paragraph 6 of the Amended Complaint refer to Garmin International, Inc., Garmin admits that it transacts business in this judicial district. Garmin denies the remainder of the allegations contained in paragraph 6 of the Amended Complaint. With respect to SPT's claim of inducement to infringe in paragraph 6 of its Amended Complaint, Garmin makes no response at this time, without prejudice, in view of Garmin's corresponding Motion to Dismiss.

## TomTom

7.     Defendant TomTom, Inc. is a corporation of the Commonwealth of Massachusetts having offices at 150 Baker Avenue, Concord, Massachusetts 01742.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Amended Complaint and, therefore, denies the same.

8. Defendant TomTom transacts substantial business in this district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by offering to sell its touch-screen personal navigation devices ("PNDs") (such as the TomTom *One,* Exhibit E) over the Internet, and through retail stores in this district such as the Wal-Mart Store located in Crystal Lake, Illinois (Exhibit D) and further by inducing residents located in this district to infringe the '873 patent by purchasing and using the accused TomTom products.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Amended Complaint and, therefore, denies the same.

## Magellan

9. Defendant Magellan Navigation, Inc. is a Delaware corporation having offices at 471 El Camino Real, Santa Clara, CA 95050-4300.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Amended Complaint and, therefore, denies the same.

10. Defendant Magellan transacts substantial business in this district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by offering to sell its touch-screen personal navigation devices ("PNDs") (such as the Magellan *Meastro* 3Z20, Exhibit F) over the Internet and offering such accused products for sale through numerous retail stores in this district such as the Wal-Mart store located in Crystal Lake, Illinois (Exhibit D) and further by inducing residents located in this district to infringe the '873 patent by purchasing and using the accused Magellan products.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Amended Complaint and, therefore, denies the same.

11. Venue is proper in this district as to all defendants under 28 U.S.C. §§ 1391 and 1400(b).

**Answer:** To the extent the allegations in paragraph 11 of the Amended Complaint refer to Garmin International, Inc., Garmin admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### GARMIN'S ACTS OF PATENT INFRINGEMENT

12. Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**Answer:** Garmin repeats and incorporates each of the responses set forth in paragraphs 1 through 11 above as if fully set forth herein.

13. Garmin has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the nüvi 260) and by knowingly and actively inducing others to infringe and by contributing to the infringement of others, located in this judicial district.

**Answer:** To the extent the allegations in paragraph 13 of the Amended Complaint refer to Garmin International, Inc., Garmin denies the allegations contained in paragraph 13 of the Amended Complaint. With respect to SPT's claims of inducement to infringe in paragraph 13 of its Amended Complaint, Garmin makes no response at this time, without prejudice, in view of Garmin's corresponding Motion to Dismiss.

14. Garmin's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters and

injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe Garmin products that fall within the scope of the '873 patent. SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable loyalty.

**Answer:** To the extent the allegations in paragraph 14 of the Amended Complaint refer to Garmin International, Inc., Garmin denies the allegations contained in paragraph 14 of the Amended Complaint. With respect to SPT's claims of inducement to infringe in paragraph 14 of its Amended Complaint, Garmin makes no response at this time, without prejudice, in view of Garmin's corresponding Motion to Dismiss.

15. Garmin's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters and injunction prohibiting further infringement of the '873 patent.

**Answer:** To the extent the allegations in paragraph 15 of the Amended Complaint refer to Garmin International, Inc., Garmin makes no response at this time, without prejudice, in view of Garmin's corresponding Motion to Dismiss.

## TOMTOM'S ACT OF PATENT INFRINGEMENT

16. Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**Answer:** Garmin repeats and incorporates each of the responses set forth in paragraphs 1 through 15 above as if fully set forth herein.

17. TomTom has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the TomTom *One*) and by knowingly and actively inducing others to infringe and by contributing to the infringement by others, located in this judicial district.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Amended Complaint and, therefore, denies the same.

18.  TomTom's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters an injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe TomTom products that fall within the scope of the '873 patent. SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Complaint and, therefore, denies the same.

19.  TomTom's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters and injunction prohibiting further infringement of the '873 patent.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Amended Complaint and, therefore, denies the same.

### MAGELLAN'S ACTS OF PATENT INFRINGEMENT

20.  Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**Answer:** Garmin repeats and incorporates each of the responses set forth in paragraphs 1 through 19 above as if fully set forth herein.

21.     Magellan has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the Magellan *Maestro 3Z20*) and by knowingly and actively inducing others to infringe and by contributing to the infringement of others, located in this judicial district.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Amended Complaint and, therefore, denies the same.

22.     Magellan's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters and injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe Magellan products that fall within the scope of the '873 patent. SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Amended Complaint and, therefore, denies the same.

23.     Magellan's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters and injunction prohibiting further infringement of the '873 patent.

**Answer:** Garmin is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Amended Complaint and, therefore, denies the same.

## RESPONSE TO SPT'S PRAYER FOR RELIEF

WHEREFORE, plaintiff SP Technologies LLC respectfully requests this Court enter judgment against defendant Garmin Limited, and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

    A.    The entry of judgment in favor of SPT and against the defendant Garmin;

    B.    An award of damages adequate to compensate SPT for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

    C.    An award to SPT of all remedies available under 35 U.S.C. § 284;

    D.    An award to SPT of all remedies available under 35 U.S.C. § 285;

    E.    A permanent injunction prohibiting further infringement and inducement of the '873 patent; and,

    F.    Such other relief that SPT is entitled to under law and any other relief that this Court or a jury may deem just and proper.

**Answer:** Garmin denies that SPT is entitled to any relief in connection with its Amended Complaint, including, without limitation, the relief specified in SPT's Prayer for Relief.

    A.    Garmin denies that SPT is entitled to the relief requested in paragraph A of its Prayer for Relief.

    B.    Garmin denies that SPT is entitled to the relief requested in paragraph B of its Prayer for Relief. To the extent the alleged infringement refers to SPT's claim of inducement

to infringe, Garmin makes no response at this time, without prejudice, in view of Garmin's corresponding motion to dismiss.

   C. Garmin denies that SPT is entitled to the relief requested in paragraph C of its Prayer for Relief.

   D. Garmin denies that SPT is entitled to the relief requested in paragraph D of its Prayer for Relief.

   E. Garmin denies that SPT is entitled to the relief requested in paragraph E of its Prayer for Relief. With respect to SPT's claim of inducement to infringe in paragraph E of its Prayer for Relief, Garmin makes no response at this time, without prejudice, in view of Garmin's corresponding Motion to Dismiss.

   F. Garmin denies that SPT is entitled to the relief requested in paragraph F of its Prayer for Relief.

   To the extent any allegation contained in this Amended Complaint has not been specifically admitted herein, it is hereby denied. Garmin denies any allegation that may be implied by or inferred from the headings of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

   1. Garmin has neither infringed, either literally or under the doctrine of equivalents, any claim of the '873 patent.

   2. The claims of the '873 patent are invalid or unenforceable for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, and/or 112.

   3. SPT is estopped by representations or actions taken during the prosecution of the '873 patent under the doctrine of prosecution history estoppel.

4. On information and belief, the relief sought by SPT is barred, in whole or in part, by the doctrine of laches.

Garmin reserves the right to raise additional affirmative defenses as they become known, through further investigation and discovery.

WHEREFORE, for the above stated reasons, Garmin prays that judgment be entered against SPT in connection with its Amended Complaint, that judgment be entered in favor of Garmin, that Garmin be awarded its costs, reasonable attorney fees, and other expenses incurred in defending against SPT's Amended Complaint, and for such other and further relief as the Court may deem just and proper.

### DEMAND FOR A JURY TRIAL

Garmin hereby demands a jury trial on all issues so triable.

### COUNTERCLAIMS

For its Counterclaims against SPT, Garmin states as follows:

### PARTIES

1. Garmin International, Inc. is a corporation organized and existing under the laws of Kansas with its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062.

2. On information and belief, SP Technologies, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 300 Beach Drive NE #802, St. Petersburg, Florida 33701.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Garmin's counterclaims for declaratory relief pursuant to 28 U.S.C. §§ 1331 and 1338, brought pursuant to the Federal

11

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Based on SPT's Amended Complaint against Garmin and Garmin's Answer thereto, there exists an actual, justiciable controversy between Garmin and SPT concerning the '873 patent.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

### COUNT 1 – DECLARATION OF NON-INFRINGEMENT

6. Garmin repeats and incorporates by reference the averments set forth in Counterclaims paragraphs 1 through 5 as if they were fully and separately set forth herein.

7. Garmin has not infringed, either literally or under the doctrine of equivalents any claim of the '873 patent.

8. Garmin is entitled to a judgment declaring that Garmin has not infringed, either literally or under the doctrine of equivalents any claim of the '873 patent.

### COUNT 2 – DECLARATION OF INVALIDITY

9. Garmin repeats and incorporates by reference the averments set forth in Counterclaims paragraphs 1 through 8 as if they were fully and separately set forth herein.

10. The claims of the '873 patent are invalid for one or more of the following reasons: the alleged invention(s) of the '873 patent are unpatentable under 35 U.S.C. §§ 102 and/or 103; the specification of the '873 patent, including the claims, fails to meet one or more requirements of 35 U.S.C. § 112; and/or the '873 patent does not otherwise meet one or more requirements of Part II of Title 35 of the Unites States Code.

11. Garmin is entitled to judgment declaring that the claims of the '873 patent are invalid for one or more of the following reasons: the alleged invention(s) of the '873 patent are unpatentable under 35 U.S.C. §§ 102 and/or 103; the specification of the '873 patent,

including the claims, fails to meet one or more requirements of 35 U.S.C. § 112; and/or the '873 patent does not otherwise meet one or more requirements of Part II of Title 35 of the United States Code.

Garmin reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Garmin respectfully requests that judgment be entered against SPT in connection with SPT's Amended Complaint, and that judgment be entered in favor of Garmin in accord with Garmin's counterclaims in this matter as follows:

A. Enter judgment in favor of Garmin and against SPT and dismiss SPT's Amended Complaint with prejudice;

B. Declare that Garmin has not infringed, either literally or under the doctrine of equivalents any claim of the '873 patent;

C. Declare the claims of the '873 patent invalid;

D. Preliminarily and permanently enjoin SPT, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers or potential customers of Garmin, or users of Garmin's products and services, any charge of infringement of the '873 patent;

E. Preliminarily and permanently enjoin SPT, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or

actions against Garmin's customers, or users of Garmin's products and services, for alleged infringement of the '873 patent;

  F. Declare this case to be exceptional under 35 U.S.C. § 285;

  G. Award to Garmin its costs and attorneys' fees; and

  H. Grant to Garmin such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Garmin hereby demands a jury trial on all issues so triable.

Dated:  August 19, 2008      Respectfully submitted,

              **GARMIN INTERNATIONAL, INC.**

              By   /s/  Uma Chandrasekaran

              Walter Jones, Jr. (ARDC No. 1365665)
              Mark Andrews (ARDC No. 6242430)
              Uma Chandrasekaran (ARDC No. 6281690)
              Pugh, Jones, Johnson & Quandt, P.C.
              180 North LaSalle Street, Suite 3400
              Chicago, Illinois 60601
              Telephone:  312.768.7800
              Facsimile:  312.768.7801

              B. Trent Webb (*pro hac vice to be submitted*)
              Eric A. Buresh (*pro hac vice to be submitted*)
              Adam P. Seitz (*pro hac vice to be submitted*)
              SHOOK HARDY & BACON, LLP
              2555 Grand Boulevard
              Kansas City, Missouri 64108
              Telephone:  816.474.6550
              Facsimile:  816.421.5547

              **ATTORNEYS FOR GARMIN INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

I, Uma Chandrasekaran, an attorney, certify that I shall cause to be served a copy of **Garmin International, Inc.'s Answer to Amended Complaint, Affirmative Defenses, and Counterclaims** upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312) 768-7801, or Case Management/Electronic Case Filing System ("CMECF"), as indicated below, on August 19, 2008.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Plaintiff SP Technologies, LLC* |
| ☐ | Facsimile/___ Pages | Raymond P. Niro |
| ☐ | Federal Express | Sally Wiggins |
| ☐ | U.S. Mail | NIRO, SCAVONE, HALLER & NIRO |
| ☐ | Messenger | 181 West Madison Street, Suite 4600 |
| | | Chicago, Illinois 60602 |
| | | Telephone: (312) 236-0733 |
| | | Facsimile: (312) 236-3137 |
| | | |
| ☒ | CM/ECF | *Attorneys for Magellan Navigation, Inc.* |
| ☐ | Facsimile/___ Pages | Daniel T. McCloskey |
| ☐ | Federal Express | Earl Patrick Ellisen |
| ☐ | U.S. Mail | GREENBERG TRAURIG, LLP |
| ☐ | Messenger | 1900 University Avenue |
| | | 5th Floor |
| | | East Palo Alto, CA 94303 |
| | | (650) 328-8500 |
| | | |
| | | Herbert H. Finn |
| | | Kevin John O'Shea |
| | | GREENBERG TRAURIG, LLP |
| | | 77 West Wacker Drive |
| | | Suite 2500 |
| | | Chicago, IL 60601 |
| | | (312) 456-8400 |

/s/Uma Chandrasekaran
Uma Chandrasekaran