**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SP TECHNOLOGIES, LLC,** | |
| **Plaintiff,** | |
| | |
| **v.** | **Civil Action No. 08 CV 3248** |
| | |
| **GARMIN LIMITED, GARMIN, INTERNATIONAL, INC., TOMTOM, INC., and MAGELLAN NAVIGATION, INC.,** | **Honorable Judge Rebecca R. Pallmeyer** |
| | **Magistrate Judge Maria Valdez** |
| | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**GARMIN INTERNATIONAL, INC.'S MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6) Defendant Garmin International, Inc.[1] (hereinafter "Garmin") moves for a partial dismissal of Plaintiff's Amended Complaint for failure to state a claim. As articulated in full below, Plaintiff fails to plead the necessary facts required to establish that Garmin willfully infringed or induced infringement of the claims of Plaintiff's U.S. Patent No. 6,784,873 B1 Patent ("the '873 patent"). Accordingly, Garmin asks the Court to dismiss these claims.

I.     **STATEMENT OF FACTS**

Plaintiff filed its Amended Complaint on July 7, 2008. *See* Plaintiff's Amended Complaint for Patent Infringement ("Plaintiff's Amended Complaint"). In its Amended Complaint, Plaintiff alleges that Garmin has committed acts of patent infringement by "selling and offering to sell at least its touch-screen personal navigation devices… and further by inducing residents located in this district to infringe the '873 patent by purchase of accused touch-screen PND products." *Id.* at ¶ 6. Plaintiff further alleges that Garmin has infringed the

---

[1] By agreement, Plaintiff will be dismissing Defendant Garmin Ltd. from the present lawsuit.

'873 patent by "…knowingly and actively inducing others to infringe…." *Id.* at ¶ 13.  Plaintiff pleads no additional allegations with respect to these claims against Garmin.

## II.   STANDARD FOR MOTION TO DISMISS UNDER FED. R. CIV. P. 12 (b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must dismiss a complaint if the plaintiff fails to satisfy its Rule 8(a) obligations.  *Pugh v. Tribune*, 521 F.3d 686, 699 (7th Cir. 2008).   Rule 8(a) requires "more than labels and conclusions."  *Id.* (*citing Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007)).  Rather, Rule 8(a) requires a factual showing that the plaintiff is entitled to relief, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (*citing Bell Atl. Corp.*, 127 S.Ct. at 1964-65).

The purpose of Rule 8(a) and Rule 12(b)(6) is to expose inadequate factual allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bel Atl. Corp.*, 127 S.Ct. at 1966.  Therefore, courts should dismiss inadequate pleadings "before allowing a potentially massive factual controversy to proceed."  *Id.* at 1967.

## III.   ARGUMENTS

### A.   **Plaintiff Failed to State a Claim for Willful Infringement**

Plaintiff's Amended Complaint contains ***no factual allegations*** sufficient to support an assertion that Garmin willfully infringed the '873 patent.  Plaintiff merely claims that "Garmin's infringement and inducement to infringe has been willful and deliberate."  Plaintiff's Amended Complaint, at ¶ 15.  This is nothing more than "labels and conclusions."  Certainly, Plaintiff's Amended Complaint ***does not*** adequately plead willful infringement pursuant to the standard announced in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*).   Accordingly, Garmin requests that the Court dismiss Plaintiff's claims of willful infringement as against Garmin.

1.    <u>Willful Infringement After *Seagate*</u>

On August 20, 2007 the U.S. Court of Appeals for the Federal Circuit issued its *en banc* opinion in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*).  In *Seagate*, the Federal Circuit dramatically clarified the law of willful infringement in a manner that is dispositive of Plaintiff's willfulness allegations as alleged in Plaintiff's Amended Complaint.  The Federal Circuit specifically overruled *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983), holding that "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness."  *Seagate*, 497 F.3d at 1371.  The court explained that "to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *Id.*  The court continued "[i]f this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either ***known or so obvious that it should have been known to the accused infringer.***"  *Id.* (emphasis added).

> Significantly, the court pointed out that:
>
> in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct.  It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced.  However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.  Fed. R. Civ. P. 8, 11(b).  ***So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct***.

*Seagate*, 497 F.3d at 1374 (emphasis added).

Accordingly, under the standard articulated in *Seagate*, allegations of willful infringement appearing in the complaint must be supported by factual allegations of willful conduct predating the filing of the complaint. Such allegations of willful infringement appearing in the complaint must also address the "threshold requirement" established by *Seagate*, *i.e.*, "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Although clearly implicit from the above-quoted section, the *Seagate* court emphasized that the objectively defined risk of infringement must have been "**known** or so obvious that it should have been known to the accused infringer." *Id.* (emphasis added).

> 2.    Plaintiff Has Not Pleaded Facts Sufficient To Demonstrate the Threshold Showing Required by *Seagate*

Under *Seagate*, the Plaintiff must establish by clear and convincing evidence that Garmin "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Nowhere in Plaintiff's Amended Complaint does Plaintiff allege that Garmin even knew of the '873 patent. Plaintiff cannot meet its threshold pleading requirement under *Seagate* without alleging, at a minimum, some facts that would indicate that Garmin knew of the existence of the '873 patent and conducted activity with a high likelihood that it was actually infringing on the '873 patent. Of course, the analysis stops with the first requirement because Plaintiff alleges no facts in Plaintiff's Amended Complaint that suggest Garmin had any pre-litigation knowledge of the '873 patent. Without such prior knowledge of the existence of the '873 patent or its claims, there can be no viable allegation that Garmin engaged in any "reckless" activity prior to the filing of Plaintiff's complaint that could serve as the basis for a finding of willful infringement. Accordingly, Garmin asks the Court to dismiss Plaintiff's allegation of willful infringement.

B.     **Plaintiff Failed to State a Claim for Inducement to Infringe**

Likewise, Plaintiff's claim for inducement to infringe against Garmin must fail because Plaintiff failed to allege the appropriate facts for this cause of action.  To adequately plead a claim for inducement to infringe, Plaintiff must show that Garmin specifically intended to encourage another's direct infringement of the patent.  *See DSU Med. Corp. v. JMS Corp.*, 471 F.3d 1293, 1304-06 (Fed. Cir. 2006).  Simply intending to encourage certain acts is not enough – one must knowingly intend to encourage acts of direct infringement.  *See id.*  This is often referred to as the specific intent requirement.  Pursuant to the specific intent requirement, Rule 8(a) requires a plaintiff to plead some factual allegations that imply the existence of the requisite scienter.  *Ristvedt-Johnson, Inc. v. Nelson Peltz*, No. 91 C 3273, 1991 U.S. Dist. LEXIS 17233, *9-13 (N.D. Ill. Nov. 18, 1991) (dismissing plaintiff's induced infringement claim because plaintiff's allegations "do not suggest the requisite intent on the part of the defendants to induce [another] to infringe on [plaintiff's] patents").  For example, in *Coolsavings.com v. Catalina Marketing Corp.* the district court granted the defendant's motion to dismiss plaintiff's induced infringement claim because plaintiff failed to allege facts supporting the requisite specific intent.  No. 98 C 6668, 1999 U.S. Dist. LEXIS 7891 (N.D. Ill. May 13, 1999).  Specifically, the district court held that plaintiff's "bald assertions" of active inducement without supporting allegations of fact fails to satisfy the pleading requirements of the federal rules.  *Id.* at *5-6.  Thus, the district court dismissed the induced infringement claim pursuant to Rule 12(b)(6) because plaintiff failed to make "some factual allegations that impl[y] the existence of the requisite scienter." *Id.* at *6 (emphasis in original).

In the present case, Plaintiff's Amended Complaint baldly asserts that Garmin induced infringement by "knowingly and intentionally inducing others to infringe…" Plaintiff's Amended Complaint at ¶ 13.   Again, this allegation is nothing more than "labels and

conclusions." Such allegations are wholly devoid of the required facts for several reasons. First, nowhere does Plaintiff allege that Garmin had any pre-litigation knowledge of the existence of the '873 patent. Second, Plaintiff's Amended Complaint provides no factual allegations implying the existence of the requisite specific intent on the part of Garmin. Without facts alleging actual knowledge of the patent or any facts that suggest Garmin possessed specific intent to encourage another's infringement of Plaintiff's patent, Plaintiff's cause of action must be dismissed. *See Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y. 2000) (dismissing plaintiff's induced infringement claim because even alleging actual knowledge of the patent is insufficient to allege specific intent).

Because Plaintiff failed to include any allegations of fact against Garmin implying the existence of the requisite scienter, Plaintiff failed to state a claim for inducement to infringe. *See Shearing v. Optical Radiation Corp.*, 1994 U.S. Dist. LEXIS 18973 (D. Nev. 1994) (dismissing induced infringement claim because the complaint did not "afford a basis for believing that plaintiffs could prove scienter"). Therefore, the Court should dismiss Plaintiff's inducement to infringe claim and strike any reference to inducement from Plaintiff's Prayer of Relief.

## IV.    <u>CONCLUSION</u>

Plaintiff's Amended Complaint fails to provide any of the necessary and required factual allegations required under relevant case law. Accordingly, and for those reasons set forth above, Garmin asks the Court to dismiss Plaintiff's willful infringement and induced infringement claims before both the Court and the parties expend time and money litigating Plaintiff's deficient allegations.

Dated:  August 19, 2008                    Respectfully submitted,

                                           **GARMIN INTERNATIONAL, INC.**

                                           By   /s/  Uma Chandrasekaran

                                           Walter Jones, Jr. (ARDC No. 1365665)
                                           Mark Andrews (ARDC No. 6242430)
                                           Uma Chandrasekaran (ARDC No. 6281690)
                                           Pugh, Jones, Johnson & Quandt, P.C.
                                           180 North LaSalle Street, Suite 3400
                                           Chicago, Illinois 60601
                                           Telephone:  312.768.7800
                                           Facsimile:  312.768.7801

                                           B. Trent Webb (*pro hac vice to be submitted*)
                                           Eric A. Buresh (*pro hac vice to be submitted*)
                                           Adam P. Seitz (*pro hac vice to be submitted*)
                                           SHOOK HARDY & BACON, LLP
                                           2555 Grand Boulevard
                                           Kansas City, Missouri 64108
                                           Telephone:  816.474.6550
                                           Facsimile:  816.421.5547

                                           **ATTORNEYS FOR GARMIN
                                           INTERNATIONAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

      I, Uma Chandrasekaran, an attorney, certify that I shall cause to be served a copy of **Garmin International, Inc.'s Motion for Partial Dismissal of Plaintiff's Amended Complaint** upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312) 768-7801, or Case Management/Electronic Case Filing System ("CMECF"), as indicated below, on August 19, 2008.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Plaintiff SP Technologies, LLC* |
| ☐ | Facsimile/____ Pages | Raymond P. Niro |
| ☐ | Federal Express | Sally Wiggins |
| ☐ | U.S. Mail | NIRO, SCAVONE, HALLER & NIRO |
| ☐ | Messenger | 181 West Madison Street, Suite 4600 |
| | | Chicago, Illinois 60602 |
| | | Telephone: (312) 236-0733 |
| | | Facsimile: (312) 236-3137 |

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Magellan Navigation, Inc.* |
| ☐ | Facsimile/____ Pages | Daniel T. McCloskey |
| ☐ | Federal Express | Earl Patrick Ellisen |
| ☐ | U.S. Mail | GREENBERG TRAURIG, LLP |
| ☐ | Messenger | 1900 University Avenue |
| | | 5th Floor |
| | | East Palo Alto, CA 94303 |
| | | (650) 328-8500 |

                                              Herbert H. Finn
                                              Kevin John O'Shea
                                              GREENBERG TRAURIG, LLP
                                                77 West Wacker Drive
                                              Suite 2500
                                              Chicago, IL 60601
                                              (312) 456-8400

                                                  /s/ Uma Chandrasekaran