IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SP TECHNOLOGIES, LLC,<br><br>       Plaintiff,<br><br>       -v-<br><br>GARMIN LIMITED, GARMIN INTERNATIONAL, INC., TOMTOM, INC., and MAGELLAN NAVIGATION, INC.<br><br>       Defendants. | Civil Action No. 08-3248<br><br>Judge Pallmeyer<br>Magistrate Judge Valdez<br><br>JURY TRIAL DEMANDED |

**DEFENDANT TOMTOM'S ANSWER AND COUNTERCLAIMS TO
PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant TomTom, Inc. ("Defendant" or "TomTom") hereby submits its Answer and Counterclaims to the Amended Complaint for Patent Infringement ("Amended Complaint") filed by Plaintiff SP Technologies, LLC ("Plaintiff" or "SPT").

**ANSWER TO AMENDED COMPLAINT**

**NATURE OF ACTION**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 271 and 281. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**Response**: TomTom admits that based on the allegations of the Amended Complaint, this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281. TomTom admits that this Court has jurisdiction over the alleged subject matter of this case under 28 U.S.C. § 1338(a). TomTom denies committing any acts of patent infringement.

**PLAINTIFF SP TECHNOLOGIES AND THE PATENT IN SUIT**

2.       SP Technologies, LLC is a Delaware limited liability corporation having offices at 950 North Michigan Avenue, #2406, Chicago, Illinois 60611 and 300 Beach Drive NE #802, St. Petersburg, Florida 33701.  SPT owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 6,784,873 B1 ("the '873 patent"), entitled "Method and Medium for Computer Readable Keyboard Display Incapable of User Termination" issued August 31, 2004 (Exhibit A).

**Response**:  TomTom admits that U.S. Patent No. 6,784,873 ("the '873 patent") is, on its face, entitled "Method and Medium for Computer Readable Keyboard Display Incapable of User Termination."  TomTom admits that the issue date on the face of the '873 patent is August 31, 2004.  TomTom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies same.

**DEFENDANTS**

**Garmin**

3.       Defendant Garmin Limited is a corporation organized under the laws of the Cayman Islands and having offices at 1200 East 151st, Olathe, Kansas 66062 and 45 Market Street, Gardenia Court, Camana Bay, Cayman Islands.

**Response**:  TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies same.

4.       Defendant Garmin International Inc. is a subsidiary of Garmin Ltd. having offices at 1200 East 151st Street, Olathe, Kansas 66062.

**Response**:  TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies same.

5. Defendant Garmin International Inc. having one retail store (opened in 2006) where it offers its GPS products for sale located in this judicial district at the Garmin retail store located at 633 North Michigan Avenue, Chicago, Illinois (Exhibit B).

**Response**: TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies same.

6. Defendant Garmin transacts substantial business in this judicial district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by selling and offering to sell at least its touch-screen personal navigation devices ("PND") (such as the nűvi 260, Exhibit C) over the Internet, through Garmin's retail store located in this district at 633 North Michigan Avenue, Chicago, Illinois, 60611 and for example, at the Wal-Mart store in Crystal Lake, Illinois (Exhibit D), and further by inducing residents located in this district to infringe the '873 patent by purchase of accused touch-screen PND products.

**Response**: TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies same.

### TomTom

7. Defendant TomTom, Inc. is a corporation of the Commonwealth of Massachusetts having offices at 150 Baker Avenue, Concord, Massachusetts 01742.

**Response**: Admitted.

8. Defendant TomTom transacts substantial business in this district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by offering to sell its touch-screen personal navigation devices ("PNDs") (such as the TomTom *One*, Exhibit E) over the Internet, and through retail stores in this district such as the Wal-Mart store located in Crystal Lake, Illinois (Exhibit D) and further by inducing residents

3

located in this district to infringe the '873 patent by purchasing and using the accused TomTom products.

**Response**:  TomTom admits that it transacts business in this district.  All other allegations in Paragraph 8 are denied.

### Magellan

9. Defendant Magellan Navigation, Inc. is a Delaware corporation having offices at 471 El Camino Real, Santa Clara, CA 95050-4300.

**Response**:  TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies same.

10. Defendant Magellan transacts substantial business in this district and has committed acts of patent infringement complained of in the Complaint in this judicial district, at least by offering to sell its touch-screen personal navigation devices ("PNDs") (such as the Magellan *Maestro 3Z20*, Exhibit F) over the Internet and offering such accused products for sale through numerous retail stores in this district such as the Wal-Mart store located in Crystal Lake, Illinois (Exhibit D) and further by inducing residents located in this district to infringe the '873 patent by purchasing and using the accused Magellan products

**Response**:  TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies same.

11. Venue is proper in this district as to all defendants under 28 U.S.C. §§ 1391 and 1400(b).

**Response**:  TomTom admits that based on the allegations of the Amended Complaint, venue appears to be proper in this district under 28 U.S.C. §§ 1391 and 1400(b).  TomTom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies same

## GARMIN'S ACTS OF PATENT INFRINGEMENT

12.　　Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**Response**: TomTom repeats and incorporates by reference the entirety of its responses contained in Paragraphs 1-11 as if fully set forth herein.

13.　　Garmin has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the nüvi 260) and by knowingly and actively inducing others to infringe and by contributing to the infringement by others, located in this judicial district.

**Response**: TomTom is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 13 and therefore denies same.

14.　　Garmin's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters an injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe Garmin products that fall within the scope of the '873 patent. SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**Response**: TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies same.

15.　　Garmin's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters an injunction prohibiting further infringement of the '873 patent.

**Response**: TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies same.

5

## TOMTOM'S ACTS OF PATENT INFRINGEMENT

16.     Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**Response**:  TomTom repeats and incorporates by reference the entirety of its responses contained in Paragraphs 1-11 as if fully set forth herein.

17.     TomTom has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the TomTom *One*) and by knowingly and actively inducing others to infringe and by contributing to the infringement by others, located in this judicial district.

**Response**:  Denied.

18.     TomTom's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters an injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe TomTom products that fall within the scope of the '873 patent.  SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**Response**:  Denied.

19.     TomTom's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters an injunction prohibiting further infringement of the '873 patent.

**Response**:  Denied.

## MAGELLAN'S ACTS OF PATENT INFRINGEMENT

20.     Plaintiff reasserts paragraphs 1-11 of the above allegations herein.

**Response**:  TomTom repeats and incorporates by reference the entirety of its responses contained in Paragraphs 1-11 as if fully set forth herein.

6

21.　　Magellan has infringed, and is now infringing, at least claims 1, 4, 9 and 10 of the '873 patent through, among other activities, the use, sale, offer for sale of its touch-screen PND product (such as the Magellan *Maestro 3Z20*) and by knowingly and actively inducing others to infringe and by contributing to the infringement by others, located in this judicial district.

**Response**:  TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies same.

22.　　Magellan's infringement, contributory infringement and inducement to infringe has injured and will contribute to injure SPT unless and until this Court enters an injunction prohibiting further infringement and enjoining further sale, offer for sale or inducement to infringe Magellan products that fall within the scope of the '873 patent.  SPT is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**Response**:  TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies same.

23.　　Magellan's infringement and inducement to infringe has been willful and deliberate and has injured and will continue to injure SPT, unless and until this Court enters an injunction prohibiting further infringement of the '873 patent.

**Response**:  TomTom is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies same.

\* \* \*

TomTom hereby denies each and every allegation of the Amended Complaint not specifically admitted herein.

**STATEMENT OF DEFENSES**

TomTom denies there is any basis in fact, law, or equity for Plaintiff to obtain any relief against TomTom. Further, TomTom asserts the defenses set forth below. TomTom reserves the right to assert any other defenses under the applicable laws and rules and to offer additional defenses that cannot now be articulated due to Plaintiff's failure to particularize its claims and due to the need for further discovery regarding Plaintiff's claims.

**FIRST DEFENSE (INVALIDITY/UNENFORCEABILITY)**

24. The claims of the '873 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including at least §§ 102, 103 and 112 thereof.

25. The claims of the '873 patent are invalid under 35 U.S.C. § 102, for example, because the claimed invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, and/or because the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

26. The claims of the '873 patent are invalid under 35 U.S.C. § 103(a), for example, because, the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

27. The claims of the '873 patent are invalid under 35 U.S.C. § 112, for example, because the specification does not contain a written description of the claimed invention in such full, clear, concise, and exact terms as to enable any person skilled in the art to practice the claimed invention. For further example, the claims of the patent fail to point out and distinctly claim the subject matter which the patentee regards as his invention.

## SECOND DEFENSE (NON-INFRINGEMENT)

28.　TomTom has not infringed, either literally or under the doctrine of equivalents, any properly construed, valid, and enforceable claim of the '873 patent.

29.　For example, TomTom has not committed any acts that would give rise to liability under 35 U.S.C. § 271(a) because TomTom has not made, used, offered for sale, or sold within the United States, or imported into the United States, any product covered by one or more properly construed, valid, and enforceable claims of the '873 patent.

30.　TomTom also has not committed any acts that would, for example, give rise to liability under 35 U.S.C. § 271(b), because TomTom has not actively induced the infringement of any properly construed, valid, and enforceable claims of the '873 patent.

31.　For further example, TomTom has not committed any acts that would give rise to liability under 35 U.S.C. § 271(c), because TomTom has not contributed to the infringement of any properly construed, valid, and enforceable claims of the '873 patent.  TomTom has not offered to sell, sold within the United States, or imported into the United States components, for practicing a patented process, that constitute a material part of the invention, with knowledge that such components are especially made or especially adapted for use in an infringement of such a patent, and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

## THIRD DEFENSE (ESTOPPEL)

32.　Because of statement made, for example, during the prosecution of the '873 patent, Plaintiff is estopped from construing any valid and enforceable claims of the '873 patent in a manner that covers TomTom products alleged to infringe the '873 patent.  Further, the '873 patent is unenforceable under, *inter alia*, the doctrine of estoppel.

### FOURTH DEFENSE (NO WILLFUL INFRINGEMENT)

33.　Even if Plaintiff establishes that TomTom has infringed one or more valid and enforceable claims of the '873 patent (which TomTom denies), TomTom did not act in an objectively reckless manner. Accordingly, even if Plaintiff establishes infringement, such infringement cannot, as a matter of law, be found to be willful.

### FIFTH DEFENSE (LIMITATION ON DAMAGES)

34.　Plaintiff has not alleged that TomTom had actual or constructive notice of Plaintiff's infringement allegations prior to being served with the Amended Complaint. Even if Plaintiff were to establish that TomTom has infringed one or more valid and enforceable claims of the '873 patent (which TomTom denies), 35 U.S.C. § 287 bars the recovery of damages prior to receiving such notice. Accordingly, any damages sought by Plaintiffs are, as a matter of law, limited or barred by Plaintiff's failure to comply with the requirements of 35 U.S.C. § 287.

### SIXTH DEFENSE (NO INJUNCTIVE RELIEF)

35.　Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable. Indeed, Plaintiff has not alleged that it practices the claimed invention or that it makes or uses any products that compete with TomTom. Further, even if Plaintiff establishes that TomTom has infringed one or more valid and enforceable claims of the '873 patent (which TomTom denies), remedies available at law are adequate to compensate Plaintiff, rendering an injunction or other equitable relief inappropriate.

### COUNTERCLAIM

TomTom, for its counterclaims against SPT, makes the following allegations:

36.　Tom hereby incorporates by reference as if fully set forth herein each answer and each defense stated above.

37. This Court has jurisdiction over the subject matter of the counterclaims under 28 U.S.C. §§ 1331, 1338, and 2201 and under 35 U.S.C. § 1, *et seq*.

38. Based on the allegations in SPT's Amended Complaint and SPT's filing of this action, this Court has personal jurisdiction over SPT.

39. Based on the allegations in SPT's Amended Complaint, venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400(b)

40. In its Amended Complaint, SPT asserts that it is the owner of the '873 patent.

41. In its Amended Complaint, SPT asserts that the '873 patent has been infringed by TomTom.

42. There is a substantial and continuing controversy between TomTom and SPT as to SPT's allegations of infringement of the '873 patent.

## COUNT I
## (DECLARATORY JUDGMENT OF INVALIDITY AND/OR UNENFORCEABILITY)

43. The claims of the '873 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including at least §§ 102, 103 and 112 thereof.

44. The claims of the '873 patent are invalid under 35 U.S.C. § 102, for example, because the claimed invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, and/or because the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

45. The claims of the '873 patent are invalid under 35 U.S.C. § 103(a), for example, because, the differences between the claimed invention and the prior art are such that the claimed

11

invention as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

46.     The claims of the '873 patent are invalid under 35 U.S.C. § 112, for example, because the specification does not contain a written description of the claimed invention in such full, clear, concise, and exact terms as to enable any person skilled in the art to practice the claimed invention.  For further example, the claims of the patent fail to point out and distinctly claim the subject matter which the patentee regards as his invention.

## COUNT II
## (NON-INFRINGEMENT)

47.     TomTom has not infringed, either literally or under the doctrine of equivalents, any properly construed, valid, and enforceable claim of the '873 patent.

48.     For example, TomTom has not committed any acts that would give rise to liability under 35 U.S.C. § 271(a) because TomTom has not made, used, offered for sale, or sold within the United States, or imported into the United States, any product covered by one or more properly construed, valid, and enforceable claims of the '873 patent.

49.     TomTom also has not committed any acts that would, for example, give rise to liability under 35 U.S.C. § 271(b), because TomTom has not actively induced the infringement of any properly construed, valid, and enforceable claims of the '873 patent.

50.     For further example, TomTom has not committed any acts that would give rise to liability under 35 U.S.C. § 271(c), because TomTom has not contributed to the infringement of any properly construed, valid, and enforceable claims of the '873 patent.  TomTom has not offered to sell, sold within the United States, or imported into the United States components, for practicing a patented process, that constitute a material part of the invention, with knowledge that such components are especially made or especially adapted for use in an infringement of such a

patent, and that are not staple articles or commodities of commerce suitable for substantial noninfringing use.

TomTom reserves the right to assert additional counterclaims as they become known during discovery and after further investigation.

## TOMTOM'S PRAYER FOR RELIEF

WHEREFORE, TomTom prays for the following relief:

  A.  That this Court adjudge and decree that TomTom does not infringe any valid and enforceable claims of the '873 patent;

  B.  That this Court adjudge and decree that the claims of the '873 patent are invalid and/or unenforceable;

  C.  That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that this Court award TomTom the costs of this action, including reasonable attorneys' fees and litigation expenses; and

  D.  That this Court order all such further relief it deems just and appropriate.

* * *

## JURY DEMAND

TomTom demands a trial by jury on all issues presented in its Answer and Counterclaims

Dated:  August 20, 2008						Respectfully submitted,

/s/Peter V. Baugher (baugher@sw.com)
One of the Attorneys for Defendant
TomTom, Inc.

Peter V. Baugher
Todd H. Flaming
Lesley G. Smith
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
Phone: (312) 701-9300
Facsimile: (312) 701-9335

James H. Wallace, Jr. (*pro hac vice* forthcoming)
Kevin P. Anderson (*pro hac vice* forthcoming)
Robert J. Scheffel
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
Telephone:  (202) 719-7000
Facsimile: (202) 719-7049

## CERTIFICATE OF SERVICE

I, Peter V. Baugher, an attorney, hereby certify that a true and correct copy of the foregoing **Defendant TomTom's Answer and Counterclaims to Plaintiff's Amended Complaint for Patent Infringement** was filed electronically with the Clerk of the Court using the CM/ECF System, which will automatically provide electronic notice upon all counsel of record on this 20th day of August, 2008.

/s/Peter V. Baugher