IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SP TECHNOLOGIES, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GARMIN INTERNATIONAL, INC., )<br>TOMTOM, INC., and MAGELLAN )<br>NAVIGATION, INC. )<br>)<br>Defendants. ) | Civil Action No.  08 CV 3248<br><br>Honorable Judge Pallmeyer<br>Mag. Judge Valdez |

## SPT'S ANSWER TO MAGELLAN'S COUNTERCLAIMS

Plaintiff SP Technologies, LLC ("SPT") replies to and answers Defendant Magellan Navigation, Inc.'s ("Magellan") counterclaims as follows:

### MAGELLAN'S COUNTERCLAIMS

#### I.      THE PARTIES

1.      MAGELLAN is a corporation organized and existing under the laws of Delaware and has a principal place of business at 471 El Camino Real, Santa Clara, California 95050-4300.  MAGELLAN transacts business in the state of Illinois.

**Response:**

SPT admits the allegations stated in paragraph 1.

2.      MAGELLAN alleges on information and belief that SPT is a corporation organized under the law of Delaware and having offices located at 950 North Michigan Avenue, #2406, Chicago, Illinois 60611.

**Response:**

SPT admits that it is a "limited liability" corporation organized under the law of

Delaware and having offices located at 950 North Michigan Avenue, #2406, Chicago,

Illinois 60611.

1

3.    MAGELLAN alleges that U.S. Patent No. 6,784,873 B1 (the "'873 Patent") was issued on August 31, 2004, and that SPT alleges in its Amended Complaint in this action that it owns all right, title and interest in the '873 Patent.

**Response:**

SPT admits the allegations stated in paragraph 3.

## II.    JURISDICTION & VENUE

4.    This is an action for a declaration of non-infringement and invalidity of the '873 Patent arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**Response:**

SPT admits that Magellan seeks a declaration of non-infringement and invalidity

of the '873 patent.  As to the substance of such allegations, otherwise, denied.


5.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Response:**

SPT admits the allegations stated in paragraph 5.

6.    This Court has personal jurisdiction over Plaintiff because it filed the Amended Complaint in this Court.

**Response:**

SPT admits the allegations stated in paragraph 6.

7.    This is an exceptional case under 35 U.S.C. § 285, and MAGELLAN reserves the right to recover attorney's fees in connection with this action.

**Response:**

SPT denies the allegations stated in paragraph 7.

8.    To the extent venue is proper as to Plaintiff's Amended Complaint, MAGELLAN asserts the counterclaims as follows.

**Response:**

SPT admits that Magellan asserts counterclaims, otherwise denied.

## III.    FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

9.    MAGELLAN repeats the allegations set forth in paragraphs 1 to 8 as if fully set forth herein.

**Response:**

SPT reasserts its responses to paragraphs 1 to 8 as if fully set forth herein.

10.    SPT has initiated a civil action against MAGELLAN by filing the Amended Complaint in this Court alleging that MAGELLAN has infringed the '873 Patent.

**Response:**

SPT admits the allegations stated in paragraph 10.

11.    MAGELLAN has not infringed and does not infringe any valid claim of the '873 Patent.

**Response:**

SPT denies the allegations stated in paragraph 11.

12.    An actual and justiciable controversy exists between MAGELLAN and SPT as to whether MAGELLAN infringes the '873 Patent.

**Response:**

SPT admits the allegations stated in paragraph 12.

13.    MAGELLAN requests declaratory judgment that it does not infringe the '873 Patent.

**Response:**

SPT denies the allegations stated in paragraph 13.

## IV.     SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY/UNENFORCEABILITY

14.     MAGELLAN repeats the allegations set forth in paragraphs 1 to 13 as if fully set forth herein.

**Response:**

SPT reasserts its responses to paragraphs 1 to 13 as if fully set forth herein.

15.     The claims of the '873 Patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including Sections 101, 102, 103, 112 and/or 132.

**Response:**

SPT denies the allegations stated in paragraph 15.

16.     An actual and justiciable controversy exists between MAGELLAN and SPT as to whether the claims of the '873 Patent are invalid.

**Response:**

SPT admits the allegations stated in paragraph 16.

17.     MAGELLAN requests declaratory judgment that the '807 Patent and the '141 Patent are invalid.

**Response:**

SPT denies the allegations stated in paragraph 17.

### DEMAND FOR RELIEF

WHEREFORE, SPT respectfully demands relief as follows:

A.     Judgment for SPT and against Magellan with respect to each counterclaim;

B.     An award to SPT of its costs and attorneys' fees; and

C.     An award to SPT for further relief as the Court may deem just and proper.

## JURY DEMAND

SPT demands trial by jury on all claims and counterclaims which are triable by a jury.

Respectfully submitted,

_____/s/ Sally Wiggins_____
Raymond P. Niro
Sally Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax:  (312) 236-3137
rniro@nshn.com; wiggins@nshn.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I caused the foregoing **SPT'S ANSWER TO MAGELLAN'S COUNTERCLAIMS** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Adam P. Seitz                    aseitz@shb.com
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, Missouri  64108
(816) 474-6550
Facsimile:  (816) 421-5547

Mark D. Andrews                  mandrews@pjjq.com
Walter Jones, Jr.                wjones@pjjq.com
Uma Chandrasekaran               uchandrasekaran@pjjq.com
Pugh, Jones, Johnson & Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois  60601
(312) 768-7800
Fax:  (312) 768-7801
***Attorneys for Defendant Garmin International, Inc.***

Brian A. Carpenter               carpenterb@gtlaw.com
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado  80202
(303) 572-6573
Facsimile:  (303) 572-6540

Daniel T. McCloskey              mccloskeyd@gtlaw.com
Earl Patrick Ellison             ellisonp@gtlaw.com
Greenberg Traurig, LLP
1900 University Avenue, LLP
East Palo Alto, California  94303
(650) 328-8500
Facsimile:  (650) 328-8508

Herbert H. Finn                  finnh@gtlaw.com
Kevin J. O'Shea                  osheak@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive – Suite 2500
Chicago, Illinois  60601
(312) 456-1025
Fax: (312) 899-0385
***Attorneys for Defendant Magellan Navigation, Inc.***

6

James H. Wallace, Jr.          jwallace@wileyrein.com
Kevin P. Anderson
Robert J. Scheffel
Wiley Rein LLP
1776 K Street NW
Washington, D.C. 20006
 (202) 719-7000
Facsimile:  (202) 719-7049

Peter V. Baugher        baugher@sw.com
Todd H. Flaming         flaming@sw.com
Lesley G. Smith         lgsmith@sw.com
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois  60606
(312) 701-9300
Facsimile:  (312) 701-9335
***Attorney for Defendant TomTom, Inc.***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

_____/s/  Sally Wiggins_____
Attorney for Plaintiff