IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SP TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  08 CV 3248 |
| vs. | ) |
| GARMIN INTERNATIONAL, INC., | ) Honorable Judge Pallmeyer |
| TOMTOM, INC., and MAGELLAN | ) Mag. Judge Valdez |
| NAVIGATION, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AGREED MOTION FOR ENTRY OF A STIPULATED PROTECTIVE ORDER

Plaintiff SP Technologies ("SPT") hereby requests that the Court enter the
Stipulated Protective Order attached hereto as Exhibit A.


Dated:  December 4, 2008              Respectfully submitted,


                                   /s/ Sally Wiggins
                              Raymond P. Niro
                              Sally Wiggins
                              NIRO, SCAVONE, HALLER & NIRO
                              181 West Madison, Suite 4600
                              Chicago, Illinois 60602
                              (312) 236-0733
                              Fax:  (312) 236-3137
                              rniro@nshn.com; wiggins@nshn.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2008, I caused the foregoing **AGREED MOTION FOR ENTRY OF A STIPULATED PROTECTIVE ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Adam P. Seitz                          aseitz@shb.com
Eric A. Buresh
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, Missouri  64108
(816) 474-6550
Facsimile:  (816) 421-5547

Mark D. Andrews                     mandrews@pjjq.com
Walter Jones, Jr.                      wjones@pjjq.com
Uma Chandrasekaran               uchandrasekaran@pjjq.com
Pugh, Jones, Johnson & Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois  60601
(312) 768-7800
Fax:  (312) 768-7801
***Attorneys for Defendant Garmin***

Brian A. Carpenter                   carpenterb@gtlaw.com
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado  80202
(303) 572-6573
Facsimile:  (303) 572-6540

Daniel T. McCloskey                 mccloskeyd@gtlaw.com
Earl Patrick Ellison                   ellisonp@gtlaw.com
Greenberg Traurig, LLP             AltamiranoT@gtlaw.com
1900 University Avenue, LLP
East Palo Alto, California  94303
(650) 328-8500
Facsimile:  (650) 328-8508

Herbert H. Finn                        finnh@gtlaw.com
Kevin J. O'Shea                        osheak@gtlaw.com

Greenberg Traurig, LLP
77 West Wacker Drive – Suite 2500
Chicago, Illinois  60601
(312) 456-1025
Fax: (312) 899-0385
***Attorneys for Defendant Magellan Navigation, Inc.***

James H. Wallace, Jr.            jwallace@wileyrein.com
Kevin P. Anderson                kanderson@wileyrein.com
Robert J. Scheffel
Brian Pandya                     bpandya@wileyrein.com
Wiley Rein LLP
1776 K Street NW
Washington, D.C. 20006
 (202) 719-7000
Facsimile:  (202) 719-7049

Peter V. Baugher      baugher@sw.com
Todd H. Flaming       flaming@sw.com
Lesley G. Smith       lgsmith@sw.com
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois  60606
(312) 701-9300
Facsimile:  (312) 701-9335
***Attorney for Defendant TomTom, Inc.***

I certify that all parties in this case are represented by counsel who are CM/ECF

participants.

_____ /s/  Sally Wiggins_____
Attorney for Plaintiff

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SP TECHNOLOGIES, INC. | § | |
| | § | |
| Plaintiff, | § | **Civil Action No. 08-CV-3248** |
| | § | |
| v. | § | **Honorable Judge Pallmeyer** |
| | § | **Mag. Judge Valdez** |
| | § | |
| GARMIN LIMITED, GARMIN | § | |
| INTERNATIONAL, INC., TOMTOM, | § | |
| INC. and MAGELLAN | § | **JURY TRIAL DEMANDED** |
| NAVIGATION, INC. | § | |
| Defendants. | § | |
| | § | |

---

## STIPULATED PROTECTIVE ORDER

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY

ORDERED that:

1.     All documents and things produced by any person or entity, including any named

party to this litigation and any non-parties (hereinafter, a "party") to another party in this

litigation may bear identifying numbers, and an identification of the case, such as:

SP TECHNOLOGIES, INC. v. GARMIN LIMITED, et al.,
Civil Action 08-CV-3248

2.     All documents and things produced by any party shall be numbered using a prefix

bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters

of its name so long as the abbreviation differs from all other names/abbreviations. The prefix

should be used on a consistent basis and in a manner which makes clear the identity of the

producing party.

1

3.    Any party from which discovery is sought in this action may designate as "Confidential"

or

"Confidential - Counsel's Eyes Only"

any documents, testimony, or other discovery material that contains "Confidential Information," as defined in the paragraphs below (hereinafter, the "Designating Party").

4.    No designation of confidentiality shall be made unless the Designating Party believes in good faith that the designated material constitutes a trade secret or other confidential research, development, technical or commercial information entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure (herein, "Confidential Information"). Material shall not be designated as "Confidential - Counsel's Eyes Only" unless such Confidential Information could be used by another party to obtain a competitive advantage over the producing party. Material designated as "Confidential" or "Confidential – Counsel's Eyes Only" pursuant to this Protective Order shall refer to any so designated document, testimony, or other discovery material, all copies thereof, all abstracts, summaries, notes, or other derivations thereof, and shall also refer to the information contained in such material (hereinafter, "Designated Material"). Until or unless the Court rules otherwise, Designated Material shall be maintained in confidence by the party to whom such material is produced (hereinafter, the "Receiving Party") and shall not be disclosed to any other party except as set forth in paragraphs 5, 6 and 7, below.

5.    Materials marked or otherwise designated as "Confidential" shall not be disclosed to any party except:

(a)    Litigation Counsel for the respective parties to this litigation, including their clerical, litigation support and paralegal employees, as well as graphics and jury

2

consultants and persons or entities retained for the purposes of coding, scanning (to create electronic images or OCR text), or copying documents provided that any such person is directly involved in preparation or trial of the case. As used herein, "Litigation Counsel" shall mean attorneys or firms, other than in-house counsel, who have made appearances in the case for their clients;

(b)     Employees for the Receiving Party, including, but not limited to, in-house attorneys or intellectual property managers, along with those employees' associated clerical, litigation support, and paralegal employees and legal consultants to whom disclosure is reasonably necessary in connection with the Receiving Party's preparation or trial of the case;

(c)     Outside consultants/experts for the Receiving Party, who are not employed by or affiliated with any of the parties to this litigation, but who are specifically engaged by counsel or the parties to assist in this litigation; provided, however, that (i) any such consultant/expert has signed an undertaking in the form of the attached Exhibit A; (ii) a copy of (a) the signed undertaking, (b) a curriculum vitae of the proposed consultant/expert, (c) an identification of any past or present employment or consulting relationship with any party to this litigation or any related company, and (d) an identification of the other cases in which the consultant/expert has testified at trial or in deposition in the last four (4) years, is served on all counsel of record in this litigation, including any counsel of record for the Designating Party, at least ten (10) calendar days before the Designated Material is disclosed to such consultant/expert; and (iii) no party objects in writing to such disclosure within those ten (10) calendar days. If any such objection is made, it must be in writing and state the reasons for such objection;

3

thereafter, no disclosure of Designated Material which is the subject of a written objection as provided herein shall be made to that consultant/expert until the matter is resolved by the Court or upon agreement of the parties;

(d)     Translators or interpreters of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any Designated Material, having first agreed to be bound by the provisions of the undertaking attached as Exhibit A, and having signed such undertaking;

(e)     Any court reporter and video recorder operator retained by any party to record a deposition in the case;

(f)     The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as "Confidential" or "Confidential - Counsel's Eyes Only" under this Protective Order;

(g)     Any other person the producing party agrees in writing in advance of any disclosure.

6.     Materials marked or otherwise designated as "Confidential - Counsel's Eyes Only" shall not be disclosed to any party except:

(a)     Those persons identified in, and in accordance with, paragraph 5(a), (c), (d), (e) and (f).

(b)     In-house attorneys or other intellectual property managers for the Receiving Party, along with their associated clerical, paralegal, or litigation support employees and legal consultants to whom disclosure is reasonably necessary in connection with the Receiving Party's preparation or trial of the case.

(c)     Any other person with respect to which the producing party agrees in writing in advance of any disclosure.

7.     This Protective Order is without prejudice to later agreements or requests to the Court to give additional individuals access to certain information designated "Confidential" or "Confidential - Counsel's Eyes Only."

8.     Notwithstanding the paragraphs above, any person may be shown or examined on, at a deposition or at trial, any document containing material designated "Confidential" or "Confidential - Counsel's Eyes Only" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence establishes that the document was communicated to or received from the witness, or if the producing party so agrees. If at any time, it appears that the witness is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness. At the conclusion of the examination, no witness may retain copies of confidential information received at deposition or trial.

9.     In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "Confidential – Counsel's Eyes Only." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

10.     Review of RTL or HDL Code:

(a)     To the extent permitted or required in this litigation (and without any admission that such may be permitted or required in this case), any access to machine-readable versions of RTL or HDL code, or similarly sensitive code, shall be considered as marked "Confidential – Counsel's Eyes Only" and shall only be provided to those under the highest level of confidentiality and only on "stand-alone" computers (i.e., computers not connected to a network, the Internet, a removable storage device, or a peripheral device, except that the computers may be connected to one or more printers) at a secure location at the offices of the producing party's Chicago counsel. Counsel shall make access to such secure location available upon reasonable notice. A representative of the producing party's counsel may remain in the vicinity of the inspection for security purposes.

(b)     Two weeks prior to the beginning of trial and continuing through the end of trial, to the extent permitted or required, the producing party's counsel shall provide access to the RTL or HDL code, or similarly sensitive code, within the vicinity of the Court under the same limitations and restrictions as provided above.

(c)     To the extent any party makes RTL or HDL code, or similarly sensitive code, available for inspection pursuant to this Protective Order, the parties will produce such code in computer searchable format and will equip the stand-alone computers with an application that permits viewing and searching of the code.

(d)     The producing party must allow the printing of one (1) paper copy of code at the time of inspection by the requesting party. The producing party's counsel shall be allowed to affix a bates number and confidentiality label on each printed page in a manner consistent with this Protective Order, and both parties shall be allowed to retain a

6

paper copy of such printed pages as well as logs of bates numbered pages printed. The requesting party receiving the paper copy of such code must retain that code in a manner consistent with this Protective Order and shall not make any additional paper copies. The requesting party shall not use any paper copies of RTL or HDL code, or similarly sensitive code, to create any electronic copies of such information, except as required to comply with the requirements for electronic filing and service or incident to the preparation of exhibits for trial or deposition, which filings shall be filed under seal in accordance with Paragraph 18 below.

11.    Testimony given at a deposition or hearing and the resulting transcript may be designated as "Confidential" (by either the parties to this case or by third-parties giving such testimony) or "Confidential - Counsel's Eyes Only" (by either the parties to this case or by third-parties giving such testimony) by an appropriate statement at the time of the giving of such testimony. When such a statement is made, all parties shall maintain the deposition or hearing transcript and information contained therein as so designated, except for as provided herein. Parties must, within thirty (30) days of a deposition or hearing, designate the portions of the transcript that it deems to be confidential. Otherwise, any party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. No party or third party can preserve confidentiality of the deposition by a blanket designation of confidentiality that does not differentiate between confidential and non-confidential portions of the transcript. Designated portions of such transcript shall continue to be treated as confidential.

7

12.     Discovery material produced without the designation of "Confidential" or "Confidential - Counsel's Eyes Only" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraphs 5 and 6 of this Protective Order and shall destroy or return them to the producing party.

13.     A party may challenge a designation by another party at any time. A party that challenges a designation by another party may move the Court to order a lower designation, e.g., from "Confidential - Counsel's Eyes Only" to "Confidential," or de-designation of any material. The designating party shall bear the burden of establishing the need for the designation.

14.     Inadvertent production of material subject to the attorney-client privilege, work product doctrine/immunity, or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  In accordance with Rule 26(b)(5)(B), any party that mistakenly produces materials protected by the attorney/client privilege, work product doctrine, or other privilege, doctrine, or right may obtain the return of those materials by promptly notifying the recipient(s) of the privilege in writing and providing a privilege log therefore. The recipient(s) shall then gather and return all copies of the privileged material to the producing party within three (3) business days of receiving such written notice, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the producing party.  Any notes or summaries

8

referring or relating to any such inadvertently or mistakenly produced material subject to claim of privilege or immunity shall be destroyed forthwith.

15.    All discovery material exchanged between the parties in this action, or between non-parties and the parties to this action, and designated "Confidential" or "Confidential - Counsel's Eyes Only" under provisions of this Protective Order shall be used solely for the prosecution or defense of the claims in this action.

16.    If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall (i) within five (5) business days after receipt thereof, give written notice by hand, overnight courier, pdf transmission, or facsimile of such process or discovery request together with a copy thereof; to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

17.    Within 60 days after the conclusion of this case, including any appeals, all Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to the producing party, or, at the option of the receiving party, receiving counsel shall

9

certify in writing that such material has been destroyed. Counsel of record may retain one set of all depositions and deposition exhibits and one set of all papers filed with the court or served on opposing counsel, including any Confidential Information filed or served under seal.

18.     "Confidential" or "Confidential - Counsel's Eyes Only" material shall be filed under seal following the procedure set forth in Local Rule 5.8 as further explained by any instructions issued by the Clerk of Court.

19.     Notwithstanding any designation by any party, the restrictions set forth in any paragraph of this Protective Order shall not apply to information or material when it can be determined, on face of the information or material, on the face of other information or material, or on the basis of sworn testimony that the information or material:

(a)     was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

(b)     is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c)     was lawfully possessed by the non-designating party prior to the entry by the Court of this Protective Order.

20.     This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

21.     Nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit. Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Protective Order, to reasonable modifications of deadlines, or to allow specified individuals access to

10

materials pursuant to the terms of this order.  Such agreements may be submitted to the Court for entry as an order.

22.    A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his final report and all materials on which he relied.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Dated:  December 4, 2008


____/s/Sally Wiggins_____
Raymond P. Niro
Sally Wiggins
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Facsimile:  (312) 236-3137
**Attorneys for SP Technologies, LLC**


____/s/Abran J. Kean_____
Adam P. Seitz
Eric A. Buresh
Shook, Hardy & Bacon
2555 Grand Boulevard
Kansas City, Missouri  64108
(816) 474-6550
Facsimile:  (816) 421-5547

Mark D. Andrews
Walter Jones, Jr.
Uma Chandrasekaran
Pugh, Jones, Johnson & Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois  60601

11

(312) 768-7800
Fax: (312) 768-7801
**Attorneys for Defendant Garmin**


 /s/Daniel T. McCloskey
Daniel T. McCloskey
Earl Patrick Ellison
Greenberg Traurig, LLP
1900 University Avenue, LLP
East Palo Alto, California 94303
(650) 328-8500
Facsimile: (650) 328-8508

Brian A. Carpenter
Greenberg Traurig, LLP
1200 17th Street, Suite 2400
Denver, Colorado 80202
(303) 572-6573
Facsimile: (303) 572-6540

Herbert H. Finn
Kevin J. O'Shea
Greenberg Traurig, LLP
77 West Wacker Drive – Suite 2500
Chicago, Illinois 60601
(312) 456-1025
Fax: (312) 899-0385
**Attorneys for Defendant Magellan Navigation, Inc.**


 /s/Brian Pandya
James H. Wallace, Jr.
Kevin P. Anderson
Robert J. Scheffel
Wiley Rein LLP
1776 K Street NW
Washington, D.C. 20006
 (202) 719-7000
Facsimile: (202) 719-7049

Peter V. Baugher
Todd H. Flaming
Lesley G. Smith
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor

3231740v1

Chicago, Illinois  60606
(312) 701-9300
Facsimile:  (312) 701-9335
**Attorney for Defendant TomTom,**


PURSUANT TO STIPULATION, IT IS SO ORDERED.

SIGNED this _____ Day of _____, 2008.


                                        _____
                                        HONORABLE JUDGE PALLMEYER
                                        UNITED STATES DISTRICT JUDGE


13

## EXHIBIT A

| | | |
|---|---|---|
| SP TECHNOLOGIES, INC. | § | |
| | § | |
| Plaintiff, | § | **Civil Action No. 08-CV-3248** |
| | § | |
| v. | § | **Honorable Judge Pallmeyer** |
| | § | **Mag. Judge Valdez** |
| | § | |
| GARMIN LIMITED, GARMIN | § | |
| INTERNATIONAL, INC., TOMTOM, | § | |
| INC. and MAGELLAN | § | **JURY TRIAL DEMANDED** |
| NAVIGATION, INC. | § | |
| Defendants. | § | |
| | § | |

## ALLEGIANCE TO STIPULATED PROTECTIVE ORDER

STATE OF _____ )

COUNTY OF _____ )

    I, _____ , hereby acknowledge that I am about to receive Confidential Information as defined in the Stipulated Protective Order agreed to by the parties and so ordered by the Court in this case.

    I certify my understanding that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

14

3231740v1

Except as otherwise permitted by this Protective Order. I will not share information that I obtain under this Protective Order inside my company, and I will discuss recommendations that I make based on such information, without sharing the substance of Confidential Information, only with senior management making decisions about the litigation.

I will return all materials containing Confidential Information, copies thereof, and notes that I have prepared relating thereto, to outside trial counsel for the party by whom or on whose behalf I am retained as required by paragraph 18 of the Protective Order.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

Name: _____

_____

Printed

Company Name/Address/Phone:

_____

_____

_____

_____

15