**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SP TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 08CV3248 |
| v. | ) | |
| | ) | |
| GARMIN INTERNATIONAL, INC., | ) | |
| and TOMTOM, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF GARMIN INTERNATIONAL, INC.'S
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '873 PATENT**

Plaintiff SP Technologies ("SPT") alleges that certain personal navigation devices made and sold by Garmin International, Inc. ("Garmin") infringe claims 1, 4, 9, and 10 of U.S. Patent No. 6,784,873 ("the '873 patent"). In response, Garmin claims that the asserted claims of the '873 patent are invalid. Now that the Court has construed the disputed claim terms, Garmin's claim of invalidity is ripe for resolution as a matter of law. Accordingly, Garmin hereby submits its memorandum in support of its motion for summary judgment that the asserted claims of the '873 patent are invalid.

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................1

II.     LEGAL STANDARD.....................................................................................2

        A.      Legal Standards for Summary Judgment................................................ 2

        B.      Legal Standards for Invalidity Under §102 .......................................... 3

III.    THE ACURA NAVIGATION SYSTEM CLEARLY AND CONVINCINGLY
        INVALIDATES CLAIMS 1, 4, 9, AND 10 OF THE '873 PATENT...............................5

        A.      The Acura Navigation System ............................................................. 5

        B.      The Acura Navigation System Anticipates the '873 Patent Because it was
                a Prior Use of the Claimed Invention under 35 U.S.C. §102(b)............................ 6

        C.      The Acura Navigation System Anticipates the '873 Patent Because it was
                On Sale Prior to the Claimed Invention under 35 U.S.C. §102(b) ...................... 10

IV.     SPT'S INFRINGEMENT CONTENTIONS CONFIRM THE ACURA
        NAVIGATION SYSTEM INVALIDATES THE '873 PATENT ...................................11

V.      CONCLUSION....................................................................................................15

3720551 v1

# TABLE OF AUTHORITIES

## Cases

*Abbott Labs. v. Geneva Pharm., Inc.*,
   182 F.3d 1315 (Fed. Cir. 1999)....................................................................................... 2

*Adenta GmbH v. OrthoArm, Inc.*,
   501 F.3d 1364 (Fed. Cir. 2007)....................................................................................... 6

*Advanced Technology Materials, Inc. v. Praxair, Inc.*,
   228 Fed.Appx. 983 (Fed. Cir. 2007)............................................................................... 3

*Ball Aerosol and Specialty Container, Inc. v. Limited Brands, Inc.*,
   555 F.3d 984 (Fed. Cir. 2009)......................................................................................... 3

*Baxter Int'l, Inc. v. Cobe Labs., Inc.*,
   88 F.3d 1054 (Fed. Cir. 1996)......................................................................................... 4

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
   922 F.2d 792  (Fed. Cir. 1990)........................................................................................ 2

*Bianco v. Hultsteg, AB*,
   No. 05-cv-0538, 2009 WL 347002 (N.D.Ill. Feb. 5, 2009)......................................... 11

*Boehl v. DeLuca*,
   No. 04-cv-5606, 2007 WL 551549 (N.D.Ill. Feb. 16, 2007)....................................... 12

*Centricut, LLC v. Esab Group, Inc.*,
   390 F.3d 1361 (Fed. Cir. 2004)....................................................................................... 3

*Dana Corp. v. American Axle & Mfg.*,
   279 F.3d 1372 (Fed. Cir. 2002)..................................................................................... 10

*Discover Fin. Servs. LLC v. Nat'l Union Fire Ins.*,
   527 F. Supp. 2d 806 (N.D. Ill. 2007) .............................................................................. 2

*Elmer v. ICC Fabricating*,
   67 F.3d 1571 (Fed. Cir. 1995).......................................................................................... 1

*Engate v. Esquire Deposition Services, LLC*,
   331 F.Supp.2d 673 (N.D.Ill. 2004).................................................................................. 4

*In re Cygnus Telecommunications Technology, LLC, Patent Litigation*,
   536 F.3d 1343 (Fed. Cir. 2008)....................................................................................... 2

*Intel Corp. v. U.S. Int'l Trade Comm'n*,
   946 F.2d 821 (Fed. Cir. 1991)....................................................................................... 11

*Keller v. United States*,
   58 F.3d 1194 (7th Cir.1995) ......................................................................................... 12

*KSR v. Teleflex*,
   550 U.S. 398, at 425-427 (2007)...................................................................................... 2

*Leggett & Platt, Inc. v. VUTEk, Inc.*,
   537 F.3d 1349 (Fed. Cir. 2008)....................................................................................... 2

*Minnesota Mining & Mfg. v. Chemque, Inc.*,
   303 F.3d 1294 (Fed. Cir. 2002)..................................................................................... 10

*Pfaff v. Wells Electronics Inc.*,
   525 U.S. 55 (1998)......................................................................................................... 10

*Sparton Corp. v. U.S.*,
   399 F.3d 1321 (Fed. Cir. 2005)..................................................................................... 10

3720551 v1

*Special Devices, Inc. v. OEA, Inc.*,
   270 F.3d 1353 (Fed. Cir. 2001)............................................................... 11
*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
   550 F.3d 1356 (Fed. Cir. 2008)................................................................. 3
*Tate Access Floors, Inc. v. Interface Arch. Resources, Inc.*,
   279 F.3d 1357 (Fed. Cir. 2002)................................................................. 4
*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
   247 F.3d 1316 (Fed. Cir. 2001)................................................................. 3
*Tone Bros., Inc. v. Sysco Corp.*,
   28 F.3d 1192 (Fed. Cir. 1994)................................................................... 4
*Trading Technologies Intern., Inc. v. eSpeed, Inc.*,
   507 F.Supp.2d 883 (N.D. Ill. 2007) .......................................................... 4
*Zenith Electronics Corp. v. PDI Communication Systems, Inc.*,
   522 F.3d 1348 (Fed. Cir. 2008)................................................................. 4

**Statutes**

35 U.S.C. §102(b) ............................................................... 1, 3, 4, 6, 7, 10, 11

**Rules**

Fed. R. Civ. Pro. 56(c) ............................................................................... 2

3720551 v1

## I.    INTRODUCTION

SPT accuses certain of Garmin's personal navigation devices of infringing the '873 patent. *See, e.g.*, LR 56.1 Statement of Undisputed Facts ("SOF") ¶¶ 1-6. "In layman's terms, the key features of this invention are a touch-screen keyboard that the user cannot move, resize, or close, but that the program closes automatically once the user has provided the necessary information." Doc. 278, at 2. The invention of the '873 patent, is not novel, however, because each of the asserted claims is anticipated by prior art. Specifically, the Acura® ("Acura") navigation device sold with the 1996 Acura RL included a touch-screen keyboard that the user cannot move, resize, or close, but that the program closes automatically once the user has provided the necessary information ("the Acura Navigation System"). The public use and sales of this prior art considerably pre-date the '873 patent application (August 4, 2000). Consequently, the asserted claims of the '873 patent are invalid as anticipated by prior art pursuant to 35 U.S.C. §102(b).

To establish the invalidity of the '873 patent, Garmin will show that every limitation of the asserted claims is disclosed, either expressly or inherently, by the Acura Navigation System.[1] *See* 35 U.S.C. §102(b). "[T]he first step [of this analysis] involves the proper interpretation of the claims. The second step involves determining whether the limitations of the claims as properly interpreted are met by the prior art." *Elmer v. ICC Fabricating*, 67 F.3d 1571, 1574 (Fed. Cir. 1995) (citation omitted). Although invalidity requires proof by clear and convincing evidence, *see, e.g., Abbott Labs. v. Geneva Pharm., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999) (affirming summary judgment of invalidity where the

---

[1] Though Garmin focuses on Acura for purposes of this motion, Acura is not the only manufacturer to implement an immutable touch-screen keyboard in a navigation system before the '873 patent. At least Lexus® ("Lexus") and Infiniti® ("Infiniti") also had immutable touch-screen keyboards in their navigation systems that pre-date the '873 patent. *See* SOF ¶¶ 41-45.

invention was sold more than a year before the patent application date), the evidentiary burden is easily met in this case. Indeed, there is no dispute that the Acura Navigation System was available years before the '873 patent application was filed. *See*, *e.g.*, SOF ¶¶ 7, 9, 13-19. Nor is there any dispute that the Acura Navigation System was in public use and on sale at that time. *See id.* ¶¶ 13-19. Finally, the operation of the Acura Navigation System cannot be reasonably or genuinely disputed. Having construed the claims, all that remains is the application of the Acura Navigation System to each limitation of the '873 patent. *See* SOF ¶ 12. This analysis leads to one inescapable conclusion—the '873 patent is invalid.

## II.    LEGAL STANDARD

### A.    Legal Standards for Summary Judgment

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the moving party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *see also Discover Fin. Servs. LLC v. Nat'l Union Fire Ins.*, 527 F. Supp. 2d 806, 816 (N.D. Ill. 2007) (Pallmeyer, J.) (citations omitted). "As in other cases, the grant of summary judgment under Fed. R. Civ. P. 56, is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 795 (Fed. Cir. 1990); *see also KSR v. Teleflex*, 550 U.S. 398, at 425-427 (2007) (holding that district court properly granted summary judgment of obviousness); *In re Cygnus Telecommunications Technology, LLC, Patent Litigation*, 536 F.3d 1343 (Fed. Cir. 2008) (affirming summary judgment of invalidity based on pre-critical date sale); *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349 (Fed. Cir. 2008) (affirming summary judgment of invalidity).

- 2 -

Indeed, where invalidity is clear, the Federal Circuit has found that a failure to grant summary judgment constitutes reversible error. *See Ball Aerosol and Specialty Container, Inc. v. Limited Brands, Inc.*, 555 F.3d 984 (Fed. Cir. 2009) (reversing denial of summary judgment where "the district court erred substantively in failing to grant summary judgment on [invalidity]…."). Moreover, "in many patent cases expert testimony will not be necessary because the technology will be easily understandable without the need for expert testimony." *Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1369 (Fed. Cir. 2004); *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1365 (Fed. Cir. 2008) (finding asserted claim invalid without the need for expert testimony because the claimed "technology is simple"). "[W]here a prior art reference plainly discloses a claim limitation," the Federal Circuit has stated that the district "court may recognize and apply that teaching on summary judgment." *Advanced Technology Materials, Inc. v. Praxair, Inc.*, 228 Fed.Appx. 983, 985 (Fed. Cir. 2007) (affirming summary judgment of invalidity and rejecting plaintiff's attempt to manufacture factual dispute via expert testimony) (nonprecedential).

**B.     Legal Standards for Invalidity Under §102**

Anticipation is a question of fact, which a court may decide on summary judgment if the record reveals no genuine dispute of material fact. *See Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008) (affirming summary judgment of invalidity and noting that, "[w]hile anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact.") (internal quotations omitted); *see also Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001) (affirming grant of summary judgment of invalidity). To establish anticipation under §102(b), Garmin must show "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to

- 3 -

the date of the application for patent in the United States."  35 U.S.C. § 102(b); *see also Baxter Int'l, Inc. v. Cobe Labs., Inc.*, 88 F.3d 1054, 1058-59 (Fed. Cir. 1996).  The one year timeframe under §102(b) is referred to as the "critical date" of the patent.  In the case of the '873 patent, the critical date is August 4, 1999.  SOF ¶ 8.  Anticipation must be shown by clear and convincing evidence, but this hurdle is easily met when "no reasonable jury could find that the patent is not anticipated." *Telemac Cellular Corp.*, 247 F.3d at 1327; *see also Tate Access Floors, Inc. v. Interface Arch. Resources, Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002) (noting that this burden is not difficult when the evidence is clear that plaintiff's contentions read on the prior art).

In determining whether a prior art device meets each of the limitations of the asserted claims under the "public use" or "on sale" bars of §102(b), Garmin is not limited to a single piece of evidence.  Instead, the operation of a device under the "public use" provision of section 102(b) can be proved by multiple sources that, when read together, clearly and convincingly establish the public's prior possession and use of the claimed invention.  *See, e.g., Zenith Electronics Corp. v. PDI Communication Systems, Inc.*, 522 F.3d 1348, 1357-1358 (Fed. Cir. 2008) (relying on numerous pieces of evidence of prior use to affirm summary judgment of invalidity); *Tone Bros., Inc. v. Sysco Corp.*, 28 F.3d 1192, 1197 (Fed. Cir. 1994) (relying on "deposition testimony and uncontested documents" to assess public use invalidity defense); *see also Engate v. Esquire Deposition Services, LLC*, 331 F.Supp.2d 673, 688 (N.D. Ill. 2004)(Kennelly, J.) ("The Court can rely on several sources to describe all the technological elements available in the [prior art device] that-when used together-constituted functionalities claimed in [the asserted] patents."); *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 507 F.Supp.2d 883 (N.D. Ill. 2007) (considering videos, documents and testimony to assess prior public use and/or sale).

- 4 -

## III.  THE ACURA NAVIGATION SYSTEM CLEARLY AND CONVINCINGLY INVALIDATES CLAIMS 1, 4, 9, AND 10 OF THE '873 PATENT

### A.  The Acura Navigation System

In 1996, some **four years** before the '873 patent application was filed, Alpine® Electronics of America ("Alpine") developed and sold an in-dash navigation system for Honda® Motor Co. Ltd. ("Honda") to incorporate into its luxury line of vehicles under the Acura brand. SOF ¶¶ 13-15.  This system—the Acura Navigation System—was ultimately incorporated into the Acura RL automobile in 1996 where it was publicly available, used, offered for sale, and sold, in the United States.  SOF ¶¶ 15-18.  Because of the groundbreaking nature of this device, Alpine retained an exemplary device in its "museum" that Garmin has photographed and videotaped and provided to the Court at Exhibit 13.[2]  SOF ¶¶ 20-22; Ex. 11.  Accompanying every sale of the 1996 Acura RL with the Acura Navigation System was an owner's manual,[3] entitled "Acura Navigation System," and a user's video guide, entitled "The Owner's Guide to the Navigation System."[4]  SOF ¶¶ 25-34.  Both the user's manuals and the user's video guide describe and explain the operation of the Acura Navigation System.  Sales of the 1998 Acura RL similarly included an Acura navigation system owner's manual, also entitled "Acura Navigation System."  SOF ¶¶ 35-40.

---

[2] Garmin's representative inspected the device and has provided pictures and video, including a side-by-side video comparison of the Alpine device to an accused Garmin device, to the Court as part of this motion.  Because it is a "museum piece," Garmin was not able to submit the device with this motion.  However, if it would be helpful to the Court, Garmin will make every effort to coordinate with Alpine to arrange an inspection in Chicago or video-conference review of the device for the Court.

[3] In relevant part, the 1998 owner's manual and the 1996 owner's manual are substantively identical.  However, the image quality of the production version of the 1998 manual is better than the 1996 manual and, therefore, Garmin uses images from the 1998 version for clarity.

[4] A transcription of the video is included at Exhibit 16.

- 5 -

The Acura Navigation System (as shown through the owner's manuals, owner's video guide, and device itself) operates as follows: The Acura Navigation System allows for entry of data on a touch screen display.  SOF ¶¶ 46, 54; *see also* SOF ¶¶ 23-24.  The system consists of a computer program that is activated when a user wants to input a destination.  SOF ¶¶ 47-48, 53, 56.  The computer then determines that input is needed from the user and provides the user with an input area that contains data input fields at various locations seeking information such as the desired city name, street name, and street number.  SOF ¶¶ 48, 57, 61.  After determining that input from the user is needed, the computer activates a graphical keyboard area that is incapable of user termination independent of termination of the input area.  SOF ¶¶ 49-50, 55, 58.  The user then provides the information requested by the computer by selecting keys on the touch screen keyboard.  SOF ¶¶ 51, 61.  The keyboard is maintained on the touch screen display until input from the user is no longer needed.  SOF ¶¶ 52, 59, 60, 62.  After the desired input has been received, the system determines that further input is no longer needed and removes or terminates the keyboard.  SOF ¶¶ 52, 62-64.

As set forth below, Acura Navigation System renders the asserted claims of the '873 patent invalid under 35 U.S.C. §102(b).

**B.    The Acura Navigation System Anticipates the '873 Patent Because it was a Prior Use of the Claimed Invention under 35 U.S.C. §102(b)**

Section 102(b) invalidates a patent if the "invention was … in public use … in this country, more than one year prior to the date of the application for patent in the United States."  35 U.S.C. §102(b).  Public use may be "by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor." *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1371 (Fed. Cir. 2007) (citation and internal quotation omitted).  "Determining whether a patent claim is invalid for prior public use under §102(b) requires

- 6 -

comparing the [asserted] claim[s] to the alleged public use. Section 102(b) may bar patentability by anticipation if the device used in public includes every limitation of the later claimed invention." *Zenith Elecs. Corp. v. PDI Comm.*, 522 F.3d 1348, 1356 (Fed. Cir. 2008) (citations and internal quotations omitted). Thus, Garmin must show that the Acura Navigation System was (1) available before the '873 patent's critical date; (2) in public use; (3) not under any limitation of secrecy to the inventor; and (4) that it meets every limitation of the asserted claims. The Acura Navigation System easily meets these requirements.

First, the Acura Navigation System was available at least as early as 1996 and well before the August 4, 1999, "critical date" of the '873 patent. SOF ¶¶ 8, 13-18. Second, the Acura Navigation System was in public use by Acura and other third parties prior to August 4, 1999. SOF ¶¶ 18, 25-28, 31-33, 35-37. Indeed, prior to August 4, 1999, the Acura Navigation System was available to the public and in public use because it was offered for sale, and actually sold, at hundreds of Acura dealers across the country. SOF ¶¶ 13-18, 25-28, 31-33, 35-37. Third, this use was unencumbered by any limitation, restriction or obligation of secrecy to the inventor. SOF ¶ 19. In fact, the inventors of the '873 patent, Dr. Peter Boesen and Mr. Thomas Mann, admitted at their depositions that they had no prior knowledge of the Acura Navigation System prior to this lawsuit. *See id.* Finally, as shown below, and as shown in the claim charts in the Undisputed Statement of Facts (*see* SOF ¶¶ 65-69), the Acura Navigation System includes every limitation of the asserted claims of the '873 patent.

There is no genuine dispute that the Acura Navigation System (as shown by the device itself, the owner's manuals, and the owner's video guide) meets each and every limitation of claims 1, 4, 9, and 10 of the '873 patent. SOF ¶¶ 46-64. Additionally, Garmin has provided claim charts that show specifically how the Acura Navigation System meets and discloses each

- 7 -

and every limitation of the asserted claims.[5]  SOF ¶¶ 65-69.  Though these charts are provided in Garmin's Statement of Undisputed Facts, an exemplary chart is depicted below to show how the Acura Navigation System discloses every limitation of claim 10 of the '873 patent:

| CLAIM 10 OF THE '873 PATENT[6] | 1996 ACURA NAVIGATION SYSTEM |
|---|---|
| 10. A method of providing a user interface for receiving information from a user using a user immutable graphical keyboard linked to an input area, comprising: | The Acura Navigation System, as illustrated in the Acura instructional materials, incorporates a user immutable keyboard for data entry.  When the graphical keyboard is opened, it is open so long as the input area remains and requires input.  *See* SOF, at Exhibits 23 and 24.   |
| [10.1] <u>computer calls or activates the input area;</u> | The Acura Navigation System activated an input area.    In response to the user selection of the "Address" application, an input area requesting information related to the destination address is activated.  For instance, the information relating to the destination city name, street name, and street number are requested by the Acura Navigation System.  *See* SOF, at Exhibits 23 and 24.   |
| [10.2] determining that input from the user using the graphical keyboard is needed within the input area |   When the "Address" application is selected, the Acura Navigation System determines that user input is needed.  The user input is provided using a graphical keyboard.  *See* SOF, at Exhibits 23 and 24. |

---

[5] These claim charts show where each limitation of claim 10 (as construed by the Court and the parties) are disclosed in (1) the 1996 "Acura Navigation System" Manual and the 1998 "Acura Navigation System" Manual; (2) the 1996 "Owner's Guide to the Navigation System" Video; and (3) the Alpine navigational device.  *See* SOF ¶¶ 12, 41-42, 44-45.  Though Garmin has provided a single chart including information from three sources of evidence, any one of these sources, by itself, is sufficient to invalidate the '873 patent.

[6] The underlined language represents the Court's claim constructions or the claim constructions agreed upon by the parties.

| | |
|---|---|
| [10.3] <u>computer calls or activates the graphical keyboard on a touch screen display to receive input from a user, the graphical keyboard placed in a set position;</u> | As shown above, user input was provided via a graphical keyboard. The position of the keyboard does not change and remains in the set position.  *See* SOF, at Exhibits 23 and 24.<br><br>  |
| [10.4] persistently maintaining the graphical keyboard on the touch screen display such that the user cannot move, resize, remove, or close the graphical keyboard through the user interface while the input area remains and requires input; | The keyboard is not changed while it is open and it cannot be moved, resized, removed, or closed by the user while the input area remains and requires input. Indeed, the ability to alter or adjust the keyboard is surrendered to the Acura Navigation System.  *See* SOF, at Exhibits 23 and 24.<br><br> |
| [10.5] receiving input within the input area from the user through the graphical keyboard; | Input is supplied to the Acura Navigation System through the graphical keyboard -- ". . . when you need to enter a street name, a keyboard will be displayed.  You can 'type in' the Street name by touching the individual characters on the screen."  *See* SOF, at Exhibits 23 and 24.<br><br> |
| [10.6] <u>determining that further input from the user is no longer needed in the input area; and</u> |  Once the address fields are completed (e.g., city name, street name, street number), the Acura Navigation System determines that further input is no longer needed and displays the illustrated screen.  This "route" screen is only shown when input is no longer needed— that is, when the Acura Navigation System has all the requested information to provide the route.  *See* SOF, at Exhibits 23 and 24. |
| [10.7] removing the graphical keyboard. | In showing the "route" screen, the Acura Navigation System removes the graphical keyboard.  *See* SOF, at Exhibits 23 and 24.<br><br> |

Because every limitation of claims 1, 4, 9, and 10 is taught by the Acura Navigation System, Garmin is entitled to judgment as a matter of law that the asserted claims of the '873 patent are invalid under the public use provision of §102(b).  *See  Dana Corp. v. American Axle & Mfg.*, 279 F.3d 1372, 1375 (Fed. Cir. 2002) (invalidity as a public use is established when "the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention").

### C.    The Acura Navigation System Anticipates the '873 Patent Because it was On Sale Prior to the Claimed Invention under 35 U.S.C. §102(b)

Under §102(b), a statutory bar against patentability arises where, one year before the application for the asserted patent, the claimed invention was on sale in the United States. *See* 35 U.S.C. §102(b).  As the Supreme Court has stated, this statutory bar arises from "reluctance to allow an inventor to remove existing knowledge from public use." *Pfaff v. Wells Electronics Inc.*, 525 U.S. 55, 64 (1998).  To establish an "on-sale bar" to the '873 patent, Garmin must show that "[1] there was a definite sale or offer to sell [2] more than one year before the application for the patent and [3] that the product sold or offered for sale anticipated the claimed invention or rendered it obvious." *Minnesota Mining & Mfg. v. Chemque, Inc.*, 303 F.3d 1294, 1301 (Fed. Cir. 2002); *see also Sparton Corp. v. U.S.*, 399 F.3d 1321, 1323 (Fed. Cir. 2005).  Here, the Acura Navigation System easily meets these requirements.

First, there is no genuine issue of material fact that there were both definite sales and offers to sell of the Acura Navigation System.  SOF ¶¶ 13-18.  The Acura Navigation System was first sold from Alpine to Honda in 1996 for incorporation in its Acura line of luxury automobiles.  SOF ¶ 14.  After that time, the Acura Navigation System was incorporated into the Acura RL and, in 1996 through at least 1998, was offered for sale and sold to the general public.  SOF ¶¶ 16-18, 35.  Either of these transactions (from Alpine to Honda or from Acura to its

- 10 -

customers) is sufficient to constitute a "sale" under §102(b). *Special Devices, Inc. v. OEA, Inc.*, 270 F.3d 1353, 1355 (Fed. Cir. 2001) ("By phrasing the statutory bar in the passive voice, Congress indicated that it does not matter who places the invention 'on sale'; it only matters that someone—inventor, supplier or other third party—placed it on sale"); *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 830 (Fed. Cir. 1991) ("[a] single sale or offer to sell is enough to bar patentability") (citation omitted). Second, the sales in 1996 clearly were prior to the '873 patent's critical date of August 4, 1999. SOF ¶ 8. Third, the Acura Navigation System anticipates the '873 patent because it meets each and every limitation of the asserted claims. SOF ¶¶ 46-64; *see also* claim charts at SOF ¶¶ 65-69.

The charts in Garmin's Statements of Fact establish, by clear and convincing evidence, that claims 1, 4, 9, and 10 of the '873 patent are invalid because each and every limitation was disclosed in the Acura Navigation System well before the priority date of the '873 patent. *See Special Devices*, 270 F.3d at 1355-1358. Accordingly, Garmin is entitled to summary judgment that the '873 patent is invalid under the "on sale" provision of §102(b).

## IV. SPT'S INFRINGEMENT CONTENTIONS CONFIRM THE ACURA NAVIGATION SYSTEM INVALIDATES THE '873 PATENT

SPT has provided Garmin (and other defendants) with infringement contentions that set forth (through pictures and citations to owner's manuals) how SPT contends that each limitation is met by Garmin's navigation devices. SOF ¶ 10-11; *see also id.* at Ex. 4. Because these contentions were provided in response to an interrogatory, they constitute evidentiary admissions regarding the scope of the claims of the '873 patent that Garmin may rely on as facts in support of its motion for summary judgment. *See Bianco v. Hultsteg, AB*, No. 05-cv-0538, 2009 WL 347002, *12 (N.D.Ill. Feb. 5, 2009)("[S]worn statements in interrogatory responses . . . which may be adverse to that party's position are evidentiary admissions."); *Boehl v. DeLuca*,

- 11 -

No. 04-cv-5606, 2007 WL 551549, at *9 n.20 (N.D. Ill. Feb. 16, 2007) (Pallmeyer, J.) (noting

that evidentiary admissions arise where party admits adverse facts); *see also Keller v. United

States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995).   The manner in which SPT asserts that the

accused devices meet the limitations of the '873 patent—as set forth in SPT's infringement

contentions—is clearly met by the Acura Navigation System.[7]   Because SPT's contentions read

directly on the Acura Navigation System, this comparison confirms the finding of invalidity

discussed above.[8]   Though provided fully in Garmin's Statements of Fact (*see* SOF ¶¶ 70-72),

Garmin has provided excerpts from SPT's contentions for elements (a), (d), and (g) of claim 10

as compared to the Acura Navigation System below:

| Claim 10 | SPT's Infringement Contentions | The Acura Navigation System |
|---|---|---|
| | "The Accused Devices invoke an input area.  | The Acura Navigation System would, upon activation, take the user to the following menu screen.  |

---

[7] As noted above, Acura is not the only manufacturer to use this type of immutable keyboard for a navigation system.  Both Toyota Motor Corporation's Lexus branded vehicles and Nissan Motor Company's Infiniti branded vehicles also have navigation systems that utilize immutable keyboards that were available at least as early as 1998 and 2000, respectively.  SOF ¶¶ 41-44. As with the Acura Navigation System, none of these references were considered by the USPTO. SOF ¶ 45.

[8] To be clear, Garmin is not suggesting the '873 patent is invalid merely because Garmin's keyboard happens to operate in a similar manner to the keyboard of the Acura Navigation System.  Instead, Garmin is utilizing the comparison between SPT's contentions and the Acura Navigation System to reinforce that each element of the asserted claims is clearly and convincingly disclosed in the Acura Navigation System.  *See Zenith Elec. Corp.*, 522 F.3d at 1363.

| Claim 10 | SPT's Infringement Contentions | The Acura Navigation System |
|---|---|---|
| **Element (a)** – "[[computer calls or activates]] the input area" | <br><br><br><br>(SPT001651-1652)<br>'3.    Touch Spell City, enter the city/postal code…'<br>*See* Exhibit 24, at 20-22. | From this screen, the user can select the "Address" application, and the following screen is opened.<br><br><br><br>For there, an input area is activated by the "Address" program in response to the user's selection (e.g., the "City" key).<br><br><br><br>(*See* Ex. 14, The 1996 Instructional Video (H3225), at 7:04-7:18) |
| **Element (d)** – "persistently maintaining the graphical keyboard on the touch screen display such that the user cannot move, resize, remove, or close the graphical keyboard through the user interface | "The Accused Devices persistently maintain the graphical keyboard on the touch screen display.  The graphical keyboard cannot be moved, resized, removed or closed through the user interface while the input area remains and requires input. | The "persistently maintaining" limitation was implemented in the Acura Navigation System.    Indeed, while the input area disclosed in the Video and discussed in the Manuals remains and requires input, the graphical keyboard cannot be moved, resized, removed, or closed by the user. |

- 13 -

| Claim 10 | SPT's Infringement Contentions | The Acura Navigation System |
|---|---|---|
| while the input area remains and requires input" | <br><br>(SPT001651-1652)<br>'Using the On-screen Keyboard. When an on-screen keyboard appears, touch a letter or number to enter it.'"<br>*See* Ex. 24, at 25-26. | <br><br>(*See* Ex. 14, The 1996 Instructional Video (H3225), at 7:15-7:33) |
| **Element (g)** – "removing the graphical keyboard" | "The Accused Devices remove the graphical keyboard after the desired input is received.  For example, in the Address application, the keyboard is removed after the input is received in the City, House Number and Street data input fields.<br><br><br><br>(SPT001651-1652)<br>See 'Finding an Address'"<br>*See* Ex. 24, at 29-31 | Once the address is keyed in, the screen "changes to" the following screen and the keyboard is removed:<br><br><br><br>(*See* Ex. 14, The 1996 Instructional Video (H3225), at 7:35) |

While SPT may attempt to back away from this application of the asserted claims, it cannot have it both ways.  *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.").  SPT cannot now change its contentions just to avoid invalidity.  Because SPT's contentions read directly on the Acura Navigation System, there is no possible way the

- 14 -

claims of the '873 patent can be found valid and, accordingly, summary judgment is appropriate. This simple comparison of SPT's infringement contentions to the Acura Navigation System confirms that Garmin has met its burden of establishing, through clear and convincing evidence, that the Acura Navigation System discloses each and every limitation of the asserted claims of the '873 patent.[9]

## V.    CONCLUSION

For the foregoing reasons, Garmin respectfully asks the Court to grant its motion for summary judgment and declare that claims 1, 4, 9, and 10 of the '873 patent invalid over the prior art navigation systems.


Dated: October 28, 2009

By:  /s/  Adam P. Seitz
Walter Jones, Jr. (ARDC No. 1365665)
Uma Chandrasekaran (ARDC No. 6281690)
**PUGH, JONES, JOHNSON & QUANDT, P.C.**
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone:  312.768.7800
Facsimile:  312.768.7801

B. Trent Webb (*admitted pro hac vice*)
Eric Buresh (*admitted pro hac vice*)
Adam Seitz (*admitted pro hac vice*)
Abran Kean (*admitted pro hac vice*)
**SHOOK HARDY & BACON, LLP**
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone:  816.474.6550
Facsimile:  816.421.5547

**ATTORNEYS FOR DEFENDANT
GARMIN INTERNATIONAL, INC.**

---

[9] Garmin is not, for purposes of this comparison, admitting that its devices infringe the '873 patent.  There remain significant issues with SPT's infringement allegations against Garmin that will be addressed separate and apart from this motion.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF GARMIN

INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF

THE '873 PATENT was filed via ECF on this 28h Day of October, 2009, with a copy being sent

electronically to:


Sally Wiggins, Esq.
Kara Szpondowski, Esq.
Brian Haan, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Facsimile: (312) 236-3137

*Attorneys for Plaintiff SP Technologies, LLC*


_/s/ Adam P. Seitz_____
Attorney for Garmin International, Inc.

3720551 v1