**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SP TECHNOLOGIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 3248 |
| ) | |
| GARMIN INTERNATIONAL, INC. and ) | Judge Rebecca R. Pallmeyer |
| TOMTOM, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In this lawsuit, Plaintiff SP Technologies, LLC, the assignee of U.S. Patent No. 6,784,873, charges Defendants TomTom, Inc. and Garmin International, Inc., with infringing the patent. Dr. Peter Boesen, one of the patentees, assigned his rights in the patent to SP Technologies in 2006. He now seeks to intervene in this lawsuit, arguing that the assignment agreement is invalid. Generally speaking, a party that has assigned its rights in the subject of litigation does not have the interest in the litigation required for intervention. *Banco de Credito Indus., S.A. v. Tesoreria Gen.*, 990 F.2d 827, 832 (5th Cir. 1993). Dr. Boesen argues, however, that the assignment is invalid and that he therefore has in interest in this case sufficient to support intervention.

Dr. Boesen's argument for the invalidity of the assignment is not persuasive; he does not dispute signing the agreement but contends that he did so under duress because, at the time, he was experiencing "multiple distressing events." Putting that difficulty aside, Dr. Boesen's motion for intervention must be denied for another reason. He has failed to explain why SP Technologies, the assignee of the patent, will fail to adequately represent any interest he might have in it. FED. R. CIV. P. 24(a)(2). With respect to the infringement claim, Dr. Boesen seems to agree that his interests are aligned with SP Technologies' interests. *See American Nat'l Bank & Trust Co. of Chicago v. City of Chicago*, 865 F.2d 144, 148 n.3 (7th Cir. 1989) (court presumes adequacy of representation where proposed intervenor and an existing party share the same ultimate objective).

He nevertheless contends that their interests diverge because SP Technologies will not seek "the type of institutional changes by the District that the Movant considers necessary to ensure that private citizens are protected from fraudulent and unlawful acts in the future." Whatever that might mean, it does not relate to the patent infringement suit before the court; it relates to whatever claim Dr. Boesen believes he has against SP Technologies. Dr. Boesen is, of course, free to pursue any such claims in a separate lawsuit. *See Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1571-72 (Fed. Cir. 1997) (distinguishing between patent infringement cases and patent ownership cases). His motion to intervene in this one fails because he has not shown that any legitimate interest he may have in the patent will not be adequately represented by its assignee.

Dr. Boesen's Motion for Intervention [248] is denied.

ENTER:

Dated: November 3, 2009

_____
REBECCA R. PALLMEYER
United States District Judge