**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SP TECHNOLOGIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 3248 |
| ) | |
| GARMIN INTERNATIONAL, INC. and ) | Judge Rebecca R. Pallmeyer |
| TOMTOM, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff SP Technologies is the assignee of U.S. Patent Number 6,784,873 (the "'873 Patent"), a method for obtaining input on a computer with a touch-screen display. Plaintiff charges Defendants Garmin International, Inc. and TomTom, Inc., makers of touch-screen navigation devices, with infringing the '873 patent. Defendants have moved for summary judgment on the grounds of invalidity, arguing that the relevant claims of the '873 patent were anticipated by an earlier navigation system that was sold with the 1996 Acura RL, several years before the application for the '873 Patent. For the reasons that follow, Defendants' motion for summary judgment is granted.

## BACKGROUND

The '873 Patent describes a method for obtaining user input on a computing device with a touch-screen display by using an on-screen keyboard rather than an attached keyboard, mouse, or other input device.[1] As the court explained in its order on claim construction, the '873 Patent

---

[1] Touch-screen displays have become more familiar to consumers as cell phones have become more sophisticated. David Pogue, *A Place to Put Your Apps*, N.Y. TIMES, Nov. 5, 2009, at B1 (introducing term "app phone" to describe "iPhone-like, touch screen Wi-Fi phones with music and video, real Web browsers, e-mail, sensors (light, tilt, location, proximity), and, above all, app stores"), *available at* http://www.nytimes.com/2009/11/05/technology/personaltech/05pogue.html (last visited July 6, 2010). In fact, Plaintiff has alleged in other lawsuits that cell phone makers have infringed the '873 Patent. Cases against HTC, Samsung, and Apple have all settled. *SP Technologies, LLC v. HTC Corp*, 08 C 3760 (N.D. Ill. Dec. 8, 2009) (amended stipulation of dismissal); *SP Technologies, LLC v. Samsung Group,* 08 C 3760 (N.D. Ill. March 27,

"responds to a specific problem with on-screen keyboards—users who inadvertently move, resize, or close the on-screen keyboard before they are finished using it may then have difficulty recovering the keyboard to a usable state." *SP Technologies, LLC v. Garmin Int'l, Inc.*, No. 08 C 3248, 2009 WL 3294795, at *1 (N.D. Ill. Oct. 9, 2009). The '873 Patent solves that problem by taking from the user the ability to alter the keyboard and giving it solely to the computer program, "which removes the keyboard only after the user has entered the necessary input." *Id.* In this lawsuit, Plaintiff alleges that Defendants have infringed five claims of the '873 Patent. Those claims are as follows:

> 1. A method of entering data on a touch screen display, the method comprising:
>     invoking a computer program in which user input is sought;
>     invoking an input area, including a plurality of data input fields;
>     invoking a graphical keyboard area incapable of user termination independent of termination of the input area, the graphical keyboard area having a plurality of keys on the display;
>     selecting keys on the keyboard to provide the desired input; and
>     automatically terminating the graphical keyboard area after the desired input is received in the input area
>
> 2. The method of entering data on a touch screen display of claim 1 wherein the input area is created by an executable code.
>
> . . .
>
> 4. The method of entering data on a touch screen display of claim 1 wherein the computer program invokes the input area.
>
> . . .
>
> 9. The method of entering data on a touch screen display of claim 1 wherein the computer program is executing on a computer with a touch-screen display.
>
> 10. A method of providing a user interface for receiving information from a user using a user immutable graphical keyboard linked to an input area, comprising:
>     invoking the input area;
>     determining that input from the user using the graphical keyboard is needed within the input area;
>     invoking the graphical keyboard on a touch screen display to receive input from a user, the graphical keyboard placed in a set position;
>     persistently maintaining the graphical keyboard on the touch screen display

---

2009) (stipulated order of dismissal); *SP Technologies, LLC v. Apple, Inc.*, No. 6:07-cv-367 (E.D. Tex. June 2, 2008) (order of dismissal).

>such that the user cannot move, resize, remove, or close the graphical keyboard through the user interface while the input area remains and requires input;
>receiving input within the input area from the user through the graphical keyboard;
>determining that further input from the user is no longer needed in the input area; and
>removing the graphical keyboard.

As noted, Defendants argue that all five of these claims were anticipated by a device that the court will refer to as the Acura Navigation System. That system was developed by Alpine Electronics of America and sold as an optional add-on to the 1996 Acura RL. (Defs' 56.1(a)(3) Statement ¶¶ 13, 15, 16.) Defendants have submitted numerous photos, videos, documents, and declarations to show the operation of the Acura Navigation System. Plaintiff attacks the evidence from several angles in an attempt to show that it is inadmissible and that it does not establish the workings of a single device that was publicly available. (Pl's Br., at 8-13.) The court need not consider all of Plaintiff's objections, as it has not relied on all of the challenged evidence. Instead, the court addresses only the objections to the evidence on which it relies in concluding that Defendants are entitled to summary judgment.

To understand the operation of the Acura Navigation System, the court relies on Exhibit 12, a photocopy of the instructional manual for the Acura Navigation System and Exhibit 14, an instructional video for the system. Plaintiff insists that these exhibits have not been properly authenticated, but the court is satisfied that they are admissible. (Pl's Br., at 12.) The declaration of David Speck, the Assistant Vice President of Auto Technical Operations for American Honda Motor Co., Inc., authenticates both exhibits, albeit under different labels. (Defs' Ex. 8, Declaration of David Speck, ¶¶ 8, 10.) As Defendants explain in their Statement of Facts, the video Speck authenticated by referring to Exhibit F has been submitted to the court as Exhibit 14 and the copy of the manual Speck authenticated by referring to Exhibit I has been submitted to the court as Exhibit 12. (Defs' 56.1(a)(3) Statement ¶¶ 29, 34.) Plaintiff suggests that the manual's statement

that it was printed in Japan could mean that the system was never introduced in the United States, but this objection is easily overcome. (Pl's Br., at 12.) The manual is in English, it lists a United States address for customer relations, and all of the areas listed as covered by the navigation system are in the United States. (Defs' Ex. 12, at 53-54.) More importantly, though, Defendants have submitted uncontradicted evidence that the system described in the manual and the video was available in the United States. (Defs' Ex. 8, Declaration of David Speck, ¶¶ 8, 10.)

As the manual explains, the "Acura Navigation System is a highly-sophisticated location system that uses satellites and a map database to show you where you are and to help guide you to a desired destination." (Defs' Ex. 12, at 2.) The portion of the system visible to the user looks like this:



(Defs' Ex. 13, at GARM00616367.[2]) The physical "hard" buttons on the left and right of the screen

_____

[2]   Although the court's analysis relies only on Exhibit 12, the copy of the instructional manual, and Exhibit 14, the instructional video, this image is taken from Exhibit 13, photographs

4

and the joystick—the object just to the left of the screen's lower lefthand corner—can be used to operate the system. The system can also be operated by touch-screen input. As the manual explains,

> the display is a "touch screen" – you can enter information into the system by touching images on the screen with your finger. For example, when you need to enter a street name, a keyboard will be displayed. You can "type in" the street name by touching the individual characters on the screen.

(Defs' Ex. 12, at 4.) When the system determines that textual input is needed from the user, it displays an on-screen keyboard. (Defs' Ex. 12, at 9, 11, 14, 16-17, 21, 23, 27, 44, Ex. 14, at 7:00-7:45, 9:00-9:45, 10:00-10:50.) The on-screen keyboard remains present on the screen until no more user input is needed or the user presses one of the hard buttons to the side of the screen. (Defs' Ex. 12, at 9, 11, 14, 16-17, 21, 23, 27, 44.) The CANCEL button "cancels the current display and returns to the previous screen." (Defs' Ex. 12, at 4, Ex. 14, at 4:30-4:36.) The ENTER button has the same function as pushing on the joystick: both enter a selection into the system. (Defs' Ex. 12, at 4-5.) That is, pressing either one has the same effect as touching whatever portion of the screen is highlighted. (*Id.*, Defs' Ex. 14, at 4:35-5:00.) The MENU button "changes the display from the current instructions to a menu." (Defs' Ex. 12, at 4, Ex. 14, at 4:25-4:30.) The MAP/GUIDE button "switches the display between a map and the current route information," and the SETUP button "displays a menu of system options." (Defs' Ex. 12, at 4, Ex. 14, at 4:19-4:24, 5:24-5:30.)

## ANALYSIS

An invention is not patentable by reason of anticipation if "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). To prove anticipation, Defendants must present clear and convincing evidence

---

and video of an exemplary system taken by Defendants' counsel. The image shows a system no different than the one seen in the video and the manual.

that all of the elements of the claim are present in a single item of prior art.[3] *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1327 (Fed. Cir. 2008). Like any question of fact, anticipation can be ruled on at summary judgment when there is no genuine factual dispute. *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349, 1352 (Fed. Cir. 2008).

The application for the '873 Patent was filed on August 4, 2000. ('873 Patent, at p. 1.) The Acura Navigation System, which was sold with the 1996 Acura RL, was available more than one year before that date. (Defs' 56.1(a)(3) Statement ¶¶ 13-18.) Defendants argue that the system anticipates Claims 1, 2, 4, 9, and 10 of '873 Patent, the allegedly infringed claims, because it is an invention that was "in public use or on sale in this country, more than one year" before the patent application was made and because it encompasses every element of the claims.

The only argument that Plaintiff raises on the merits of anticipation relates to the hard buttons that are always present on both sides of the screen. (Pl's Br., at 8.) Plaintiff complains that it is not clear whether those buttons can be used to move, maximize, or minimize the on-screen keyboard. (*Id.*) Plaintiff seems to believe that if the hard buttons can be so used, then the Acura Navigation System does not anticipate the '873 Patent. (*Id.*) First, the court notes that the functions of the hard buttons are not a mystery; those functions are explained in the instructional video and manual. (Defs' Ex. 12, at 4-5, Ex. 14, at 4:18-5:00.) For example, pressing the CANCEL button cancels the display, whether it is showing an input screen that includes the on-screen keyboard or some other screen, and returns the user to the previous screen. (Defs' Ex. 12, at 4,

---

[3] Plaintiff seizes on the words "single item" to argue that Defendants have impermissibly combined references in an attempt to prove anticipation. (Pl's Br. at 4-5.) Anticipation cannot be based on prior art that must be supplemented by the knowledge of one skilled in the art or combined with some other prior art. *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983). Submitting multiple pieces of evidence to show the workings of a single device, though, is not an impermissible combination. *Engate, Inc. v. Esquire Deposition Services., L.L.C.*, 331 F. Supp. 2d. 673, 688 (N.D. Ill. 2004), *aff'd in part rev'd in part*, 208 F. App'x 946. Plaintiff also suggests that Defendants have impermissibly attempted to fill gaps in the evidence through attorney argument, (Pl's Br., at 5), but fails to explain what attorney arguments it is referring to. The court has not located any impermissible gap-filling by attorney argument.

10.)  By cancelling the display, the CANCEL button cancels the keyboard *and* the input area. Similarly, pressing the MENU button replaces the current display—including the keyboard—with a new display showing a menu.  (Defs' Ex. 12, at 4, Ex. 14, at 4:25-4:30.)  None of the hard buttons can affect the on-screen keyboard without terminating it completely.  (Defs' Ex. 12, at 4, Ex. 14, at 4:18-5:00.)  This functionality—allowing the on-screen keyboard to be terminated by an off-screen hard button that also cancels the input area—is identical to Claim 1's "graphical keyboard area incapable of user termination independent of termination of the input area" and Claim 10's "graphical keyboard . . . that the user cannot move, resize, remove, or close . . . through the user interface while the input area remains and requires input." ('873 Patent, col. 20, ll. 62-64, col. 22, ll. 10-14.)  In fact, the preferred embodiment in the '873 Patent shows a screen with a keyboard and three on-screen buttons including a CANCEL button.  (*Id.* at pp. 1-2.)

After reviewing the instructional video and manual for the Acura Navigation System, the court finds that there is no genuine issue of material fact as to anticipation.  Claim 1 is anticipated by the Acura Navigation System because the system discloses a computer program that seeks user input by displaying an input area and invoking an on-screen keyboard that cannot be terminated independently of the input area.  ('873 Patent, col. 20, ll. 56-65.)  For example, when the system needs to know the city in which the desired address is located, it displays the following screen:

```
Enter city name :
┌─────────────────────────────┐
│                             │
└─────────────────────────────┘
 A  B  C  D  E  F   Space
 G  H  I  J  K  L
 M  N  O  P  Q  R   Delete
 S  T  U  V  W  X
 Y  Z  &  /  -  '   Find
Touch or ✦ and [ENTER]    ( 1 : 00 )
```

(Defs' Ex. 18, at 9.[4])  The user can terminate this on-screen keyboard using the hard buttons.  As discussed, though, doing so will take the user to an entirely different screen, thereby cancelling the keyboard as well as the input area.  The only other way to terminate the keyboard is by properly entering a city name:

> As you enter the city name, the system searches its database for a name that matches the letters you are entering.  When it finds only one city that matches, it completes the entry of the name for you.  Select "Find" to select that city.
>
> If the system does not find an exact match, continue entering the name of the city.  Select "Find" when you are finished.

(Defs' Ex. 12, at 9-10, Ex. 14, at 7:00-7:45.)  Thus, the system's on-screen keyboard is identical to the one described in Claim 1: "a graphical keyboard area incapable of user termination independent of termination of the input area."  ('873 Patent, col. 20, ll. 62-63.)  As in Claim 1, the user selects keys on the keyboard to provide the desired input and the on-screen keyboard automatically terminates once the desired input is received.  (*Id.*, col. 20, ll. 66-67, col. 21, ll. 1-2.)  It is immaterial that the Acura Navigation System's joystick *can* be used instead of the touch screen to select the on-screen keyboard's keys; prior art that anticipates a claim can disclose functionality not present in the claim so long as the prior art also contains every limitation of the claim.  That extra functionality would not affect an infringement analysis, so neither does it affect an anticipation analysis.  *Upsher-Smith Labs, Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005).

Claims 2, 4, and 9 add limitations to the method of entering data disclosed in Claim 1.  Each of those limitations are present in the Acura Navigation System as well.  Claim 2's limitation is that the input area is created by an executable code.  ('873 Patent, col. 21, ll. 3-5.)  Executable code is "[s]oftware in a form that can be run in the computer."  EXECUTABLE CODE, PC MAGAZINE ENCYCLOPEDIA, *available at* http://www.pcmag.com/encyclopedia_term/0,2542,t=executable+code&i

---

[4] This image comes from Defendants' Exhibit 18, a photocopy of a later printing of the manual.  The content of Exhibit 18 is not materially different from Exhibit 12, but, as submitted to the court, Exhibit 18 is easier to read.

=42842,00.asp (last visited July 6, 2010). That limitation is present in the Acura Navigation System because for the system's program to function, it must be in the form that can be run in the system, a computer. Claim 4's limitation, that the computer program invokes the input area, is also present in the Acura Navigation System. ('873 Patent, col. 21, ll. 9-11.) That is precisely how the system works: for example, when the user tells the system that she desires directions to an address, the program invokes a sequence of input areas, first for the city, then for the street name, and then for the street number. (Defs' Ex. 12, at 9-12, Ex. 14, at 7:00-7:45.) Finally, Claim 9's limitation that the computer program is executing on a computer with a touch-screen display is also surely present in the Acura Navigation System. ('873 Patent, col. 21, ll. 23-25.) As the manual explains, "the display is a 'touch screen' – you can enter information into the system by touching images on the screen with your finger." (Defs' Ex. 12, at 4.)

Claim 10, the final claim allegedly infringed, is also anticipated by the Acura Navigation System. (*Id.*, col. 22, ll. 1-19.) As discussed, the system invokes an input area, determines that input is needed from the user within that input area, and invokes a "graphical keyboard on a touch screen display to receive input from a user, the graphical keyboard placed in a set position." (*Id.*, col. 22, ll. 1-9.) That keyboard is persistently maintained such that "the user cannot move, resize, remove, or close the graphical keyboard through the user interface while the input area remains and requires input." (*Id.*, col. 22, ll. 10-14.) As explained, the keyboard can only be removed or closed by cancelling the current screen or providing the requested input, and both actions will result in the removal of the input area. Finally, the system receives input in the input area through the graphical keyboard and removes the keyboard once it determines that "further input from the user is no longer needed in the input area." (*Id.*, col. 22, ll. 15-19.)

Accordingly, Defendants are entitled to summary judgment as to invalidity of claims 1, 2, 4, 9, and 10 of the '873 Patent because those claims are anticipated by the Acura Navigation System.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment on invalidity grounds [312] is granted.  Defendants' motion for partial summary judgment on non-infringement grounds [336] is dismissed as moot.

                                                ENTER:

Dated:  July 7 , 2010

                                                REBECCA R. PALLMEYER
                                                United States District Judge