**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SP TECHNOLOGIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CV 3248 |
| | ) | |
| GARMIN INTERNATIONAL, INC. and | ) | Judge Rebecca R. Pallmeyer |
| TOMTOM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff SP Technologies, LLC ("SPT") is the assignee of U.S. Patent Number 6,784,873 (the "'873 Patent"), a method and medium for entering data onto a computer via a touch-screen keyboard. In 2008, SPT brought this action charging Defendants Garmin International, Inc. ("Garmin") and TomTom, Inc. ("TomTom"), makers of touch-screen navigation devices, with infringing the '873 patent. Defendants moved for summary judgment on the grounds of invalidity, arguing that the relevant claims of the '873 patent were anticipated by an earlier navigation system that was sold with the 1996 Acura RL, several years before the application for the '873 Patent. The court granted Defendants' motion for summary judgment. Defendants now seek recovery of costs. SPT objects, arguing that Defendants have requested costs that are not authorized by 28 U.S.C. § 1920 and have otherwise overstated the amounts to which they are entitled. For the reasons explained here, Defendants' motions [362, 363] are granted in part and denied in part.

## <u>DISCUSSION</u>

Federal Rule of Civil Procedure 54(d)(1) provides that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.P. 54(d)(1). Rule 54(d) "establishes a presumption in favor of a cost award" within certain categories. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). That presumption is a strong one. *See Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir.

1997); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("the presumption is difficult to overcome"). The relevant statute, 28 U.S.C. § 1920 ("Section 1920"), permits a prevailing party to recover (1) fees of the clerk and marshal; (2) fees of the court reporter for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920; *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012). In assessing a bill of costs, the court considers whether the prevailing party has identified expenses of the type authorized by the statute and whether the costs were reasonably incurred. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)). The party opposing the award bears the burden of demonstrating that costs are not appropriate. *Harney*, 702 F.3d at 927 (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005)).

The court will address SPT's objections in turn.

## I. *Pro Hac Vice* Filing Fees

TomTom and Garmin each seek reimbursement of $200.00 in costs paid for the *pro hac vice* admission for their out-of-state attorneys. Such filing fees are not taxable. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2002 WL 31207212, at *1 (N.D. Ill. Oct. 2, 2002); *Int'l Oil, Chem. & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, No. 97 C 2663, 1998 WL 895557, at *4 (N.D. Ill. Dec. 14, 1998). Defendants have acknowledged that such costs are not normally recoverable, but nonetheless argue that such costs should be taxed because the fees were incurred as result of SPT's decision to file suit in this district. (TomTom Reply [382] at 11;

Garmin Reply [383] at 3.)  Section 1920 makes no such exception, and the court thus declines to award costs for *pro hac vice* filing fees.

## II.    Summons and Subpoenas

SPT objects to Garmin's request for $1,129.24 for costs of service of process.  (Pl.'s Resp. to Garmin Bill of Costs [379] at 2-3.)  Garmin relied upon private process servers.  The Seventh Circuit has held that fees for private process servers are taxable as costs under 28 U.S.C. § 1920(1), provided that the rates charged by the process servers do not exceed those charged by the U.S. Marshals to effectuate service of process.  *See Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir.1996) ("[T]he prevailing party [can] recover service costs that do not exceed the marshal's fees, no matter who actually effected service.").  Pursuant to 28 C.F.R. § 0.114(a)(3) (effective through Oct. 29, 2013), when the U.S. Marshals serve process personally, it costs $55.00 per hour for each item served plus travel costs and any other out-of-pocket expenses.  Garmin submitted eleven invoices from private process servers in support of its request for summons and subpoena costs.  (Service Invoices [363-1], Ex. B to Garmin Bill of Costs, at 9-19.)  None of these invoices state the hourly rate charged by the process server, the actual time spent serving process, or any information regarding travel or expenses.  The court cannot determine whether the amount requested for service of process is taxable without information regarding the amount of time the private process servers spent serving process and how far they traveled to do so.  *See Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066, at *8 (N.D. Ill. Mar. 31, 2003).  The costs appear to be consistent with what Marshals might charge, but the court "will not award potentially unjustified costs based upon speculation."  *Id.*  Instead, the court will award the minimum charge of the U.S. Marshals: $55.00 per incident of service for a total of $550.00.

## III.    Transcripts

3

### A.    Hearing Transcripts

TomTom requests $368.20 for copies of various hearing transcripts.   Specifically, TomTom seeks $109.20 for the transcript of the April 10, 2009 *Markman* hearing, and $259.00 for other hearings and status conferences in this case.  (TomTom Reply [382] at 2-3.)  SPT contends that TomTom has not provided an explanation of what type of hearings these were, or why obtaining transcripts for them was reasonable and necessary to the litigation.  (Pl's Resp. to TomTom Bill of Costs [376] at 2-3.)  In response, TomTom has explained that the transcript of the *Markman* hearing was obtained so that TomTom's counsel and experts could consult that transcript when preparing expert reports or summary judgment motions.  (*Id.* at 3.)  TomTom ordered additional transcripts to provide its out-of-state counsel with a record of those hearings, and for use in filing and responding to various motions filed in this case.  (*Id.*)  The court is satisfied that these costs were reasonably and necessarily incurred and should be taxed.

Garmin also seeks $369.55 for copies of various hearing transcripts**.**  Local Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court."  Garmin has explained that the invoices were for hearings that occurred close in time to the filing of a motion or some other event for which the transcript was required.  (Garmin Reply at 4-5.)  The court is satisfied that these costs were reasonably and necessarily incurred and that expedited rates were justified.

### B.    Deposition Transcripts

Recovery of costs for deposition transcripts is authorized by Section 1920(2), which permits an award of costs for transcripts "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The court awards deposition charges if the deposition appears reasonably necessary

in light of the facts known at the time of the deposition. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). TomTom seeks $14,094.35 for the depositions. SPT first objects to the costs for Courtney Sherrer ($975.49, 4/27/091), John Walker ($337.58), Peter Boesen ($772.90), Jeffrey Harty ($1,134.60), Thomas Mann ($206.80, 6/8/09), and Jocelyn Vigreux ($584.572, 8/5/09), because the invoices TomTom submitted initially included only the total cost, and did not provide such details as number of pages, rates, and the type of transcript ordered. (Pl.'s Resp. at 3-5.) In its reply, TomTom has provided the number of pages and has calculated the approximate cost per page for the disputed depositions as follows:

| Deponent | Pages | Amount Paid | Approx. Cost/Page |
|---|---|---|---|
| Courtney Sherrer | 193 | $975.40 | $5.05 |
| John Walker | 51 | $337.58 | $6.61 |
| Peter Boesen | 294 | $772.90 | $2.62 |
| Jeffrey Harty | 228 | $1,134.60 | $4.97 |
| Thomas Mann | 38 | $206.80 | $5.44 |
| Kathleen Kedrowski | 341 | $1,949.19 | $5.71 |
| Michael Shamos | 186 | $1,208.22 | $6.49 |

SPT also contends more generally that all transcription costs sought by Defendants are excessive. Local Rule 54.1(b) (quoted above) generally limits transcription costs to those established by the Judicial Conference of the United States. N.D. Ill. L.R. 54.1(b). The Seventh Circuit has held that the Judicial Conference Rate applies to deposition charges by private court reporters. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 453-54 (7th Cir. 1998). The Judicial Conference Rate is $3.65 per page for original deposition transcripts and $0.90 for

---

[1] Where included, dates specify between multiple depositions for a single deponent.

copies.2  Therefore, unless the rate charged was less than the Judicial Conference rate, the court will award $3.65 per page for original deposition transcripts, $0.90 for copies and $4.55 per page where the invoice indicates an original and a copy.  TomTom will be awarded transcription costs as follows:

| Deponent | Pages | Cost/Page | Amount Awarded |
|---|---|---|---|
| Courtney Sherrer | 197 | $0.90 | $177.30 |
| John Walker | 59 | $0.90 | $53.10 |
| Peter Boesen | 294 | $0.90 | $264.60 |
| Jeffrey Harty | 228 | $0.90 | $205.20 |
| Thomas Mann | 40 | $0.90 | $36.00 |
| Kathleen Kedrowski | 341 | $3.65 | $1,244.65 |
| Michael Shamos | 186 | $3.65 | $678.90 |
| Peter Geelen | 258 | $3.65 | $941.70 |
| Jocelyn Vigreux (5/28/09) | 234 | $0.90 | $210.60 |
| Randal Davis (3/3/10) | 264 | $2.45 | $646.80 |
| Joseph Gemini | 362 | $3.65 | $1,321.30 |
| Peter Nelson (3/23/10) | 316 | $0.90 | $284.40 |
| Peter Nelson (4/9/10) | 301 | $3.65 | $1,098.65 |
| **TOTAL** | | | **$7,163.20** |

---

[2]        *See*   http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/ trnscrpt.htm

[11]

(*See* TomTom Dep. Trans. Invoices, Ex. A to TomTom Bill of Costs; TomTom Reply at 3-4.)

---

1

[11]     igreux was deposed a second time after this court granted a motion to compel

brought by SPT.  (*See* Jul. 27, 2009 Minute Order [245]).  TomTom does not seek costs for this

deposition.  (TomTom's Bill of Costs at 2, n. 1; TomTom Reply at 3, n. 2.)

The court awards Garmin the following transcription costs:

| Deponent | Pages | Cost/Page | Amount Awarded |
|---|---|---|---|
| Min Kao | 72 | $2.85 | $205.20 |
| Courtney Sherrer | 197 | $4.55 | $896.35 |
| John Walker | 59 | $4.55 | $268.45 |
| Peter Boesen | 328 | $4.00 | $1,312.00 |
| Jeffrey Harty | 252 | $4.55 | $1,146.60 |
| Thomas Mann (3/30/10) | 232 | $4.55 | $1,055.60 |
| Thomas Mann (6/8/09) | 40 | $4.55 | $182.00 |
| Kathleen Kedrowski | 341 | $0.90 | $306.90 |
| Randall Davis | 201 | $0.90 | $180.90 |
| Randal Davis (3/3/10) | 311 | $0.90 | $279.90 |
| Randal Davis | 264 | $2.45 | $646.80 |
| Joseph Gemini | 362 | $0.90 | $325.80 |
| Scott Moore | 205 | $0.90 | $184.50 |
| David Ayers | 89 | $0.90 | $80.10 |
| Kevin Rauckman | 68 | $0.90 | $61.12 |
| Daniel Bartel | 178 | $0.90 | $160.20 |
| Glenn Peterman | 127 | $0.90 | $114.30 |
| Peter Nelson (3/23/10) | 316 | $0.90 | $284.40 |
| Peter Nelson (4/9/10) | 301 | $0.90 | $270.90 |
| **TOTAL** | | | **$7,962.10** |

[V][3] *See* Garmin Dep. Trans. Invoices, Ex. C to Garmin Bill of Costs; Garmin Reply at 7-8.)

## C. Delivery Costs[4]

---

[V]

[3] PT separately object to the transcript costs related to Min Kao in their entirety. SPT objects on the grounds that "[t]his deposition was ordered as a sanction to Garmin for its failure to timely produce numerous license agreements." (Pl's Resp. to TomTom Bill of Costs at 12.) The fact that the court ordered Kao's deposition has no bearing on the propriety of an award of Garmin's transcription costs, however. SPT's objection is overruled.

TomTom's request for costs associated with the shipping or delivery of the transcripts of Pieter Geelen ($38.00), Jocelyn Vigreux ($15.00), and Randall Davis ($64.20)   "[U]nder the Judicial Conference guidelines, postage costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts."  *Alexander v. CIT Tech. Fin. Servs., Inc.*, 222 F. Supp. 2d 1087, 1091 (N.D. Ill. 2002).  TomTom acknowledges that such cost are generally not taxable.  (TomTom Reply at 5.)  SPT's objection to shipping costs totaling $117.20 is sustained.

### D.   Expedited Transcripts

SPT objects to $2,278.08 in expedited deposition transcript charges associated with the depositions of SPT's experts Joseph Gemini and Peter Nelson.  (Pl.'s Resp. at 7-8.)  In response to SPT's argument that TomTom has failed to demonstrate that expedited transcripts were reasonable and necessary, TomTom explains that expedited transcripts were necessary to enable counsel and experts to review the transcripts in preparing for subsequent rebuttal depositions.  (TomTom Reply at 5-6.)  Specifically, SPT's damages expert, Gemini, was deposed on March 9, 2010, and TomTom's rebuttal damages expert, Kedrowksi, was deposed eight days later on March 17, 2010.  SPT's technical expert, Dr. Nelson, was deposed on March 23, 2010 on his non-infringement expert report, and TomTom's rebuttal non-infringement expert, Shamos, was deposed two days later on March 25, 2010.  (*Id.* at 6.)  TomTom's explanation satisfies the court that expedited transcripts for these experts were appropriate.  SPT's objection is overruled.

### E.   Other Transcript Formats

---

[4]      Garmin has withdrawn its request for $33.16 in delivery costs.  (Garmin Reply at 5.)

In addition to the cost of the original and a copy of the transcripts, TomTom seeks recovery of the costs of condensed transcripts, rough ASCII transcripts, and LiveNote LEF for the depositions of Peter Geelen ($558.75), Jocelyn Vigreux ($352.50, 5/28/09), Randall Davis ($264.00, 3/3/10), Joseph Gemini ($543.00), Peter Nelson ($474.00, 3/23/10 and $451.50, 4/9/10). These costs are considered supplementary when sought in addition to the stenographic deposition transcript. *See Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003) (Section 1920(2) "applies only to court reporter fees and photocopies of deposition transcripts"); *see also Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 WL 2054382, at *4 (N.D. Ill. July 18, 2006); *Solon v. Kaplan*, No. 00 C 2888, 2004 WL 1672909, at *2 (N.D. Ill. July 23, 2004); *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002). TomTom asserts that these transcripts were used in digesting deposition testimony to prepare for subsequent expert depositions, and that Live Note assisted in taking and defending the depositions because the depositions involved technical or business testimony. (TomTom Reply at 6.) These reasons do not rise above the mere convenience of TomTom's attorneys. SPT's objection to these costs totaling $2,643.75 is sustained.

Garmin also requests reimbursement for ASCII disks, rough disks, draft transcripts (ASCII), ETV disks, condensed e-transcripts, and word indexes totaling $4,685.50. Like TomTom, Garmin explains that the additional formats were used in digesting deposition testimony to prepare for subsequent expert depositions, aid in the preparation of briefs and motions, and anticipated to assist referencing the transcript both before and during trial. (Garmin Reply at 6-7.) Again, it appears these additional formats were for counsel's convenience. SPT's objection to this amount, $4,685.50, for additional transcript costs, is also sustained.

**F.     Videotaping**

TomTom also requests costs for the videotaping of the depositions of Joseph Gemini ($1,300.00) and Peter Nelson ($1,300.00, 3/23/10 and $1,235.00, 4/9/10). SPT argues that both Gemini and Nelson are experts retained by SPT, and there is no indication that these witnesses would not have been available for trial. Generally, "[c]ourts in this circuit will not award costs for videotaping depositions where a transcript was also purchased." *Delgado v. Village of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *8 (N.D. Ill. Oct. 31, 2006); *Solon*, No. 00 C 2888, 2004 WL 1672909, at *2; *but see Little*, 514 F.3d at 701-02 (holding that under the 1993 amendment to Federal Rule of Civil Procedure 30 a court may award costs for both videotaping and transcribing a deposition)). A party may, however, recover costs for both a videotaped deposition and transcript of the same deposition provided that both are reasonably necessary. *Vardon Golf Co., Inc.*, No. 99 C 2785, 2003 WL 1720066, at *9 (citation omitted). TomTom seeks an award for both the stenographic transcripts and the videotaping, but has made no showing that both a videotaped deposition and transcript of the these depositions were reasonably necessary. Garmin similarly seeks $4,693.75 for the videotaping of eight depositions and has also made no showing that it required both a transcript and a videotape of these depositions. The court sustains SPT's objections to the $3,835.00 sought by TomTom and to the $4,825.85 requested by Garmin (including $132.10 in Missouri state tax to which SPT separately objected).

### G. Court Reporter Appearance Fees

SPT also objects to TomTom's request for court reporter appearance fees for the depositions of Gemini ($169.36) and Nelson ($136.00, 3/23/10 and $114.40, 4/9/10).[5] (Pl.'s

---

[5] SPT objected to taxation of the court reporter's airfare ($1,512.00) incurred in traveling to Amsterdam for the deposition of Pieter Geelen. TomTom had agreed to split these

Resp. to TomTom Bill of Costs at 10-11.)  Pursuant to Local Rule 54.1(b), "[c]ourt reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court."  N.D. Ill. L.R. 54.1(b).  The current published rate is $110.00 for one-half day (4 hours or less), and $220.00 for a full-day attendance fee.[6]  SPT objects because the invoices TomTom has attached to its fee petition do not include the number of hours spent by the court reporter or the hourly rate charged.  TomTom states in its reply, however, that Gemini's deposition lasted a full day and Nelson was deposed for two full days.  (TomTom Reply at 7.)  The court overrules SPT's objection to an award of these costs because they are within the limits set by Local Rule 54.1.

Garmin, too, seeks recovery of $1,092.00 in court reporter appearance fees, incurred for the following depositions: Thomas Mann ($238.00, 3/30/09, 7.5 hours; $62.00, 6/8/09, 2 hours); Jeffrey Harty ($190.00, 6 hours); John Walker ($62.00, 2 hours); Courtney Sherrer ($190.00, 6 hours); and Peter Boesen ($350.00, 10 hours).  (Garmin Court Reporter Invoices [363-1], Ex. C to Garmin Bill of Costs, at 21-23, 27, 45, 49.)  The fees sought for the first Mann deposition and for the Boesen deposition exceed the limits set by Local Rule 54.1, and thus will be reduced to $220.00 each.  Accordingly, Garmin will be awarded $944.00 in court reporter appearance costs.

## H.    Exhibit Copies

---

costs with SPT prior to the deposition, and accordingly, TomTom has withdrawn its request for these costs.  (TomTom Reply at 5, n. 3.)

[6]    *See*    http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/ CrtReporter/trnscrpt.htm

TomTom seeks $1,918.95, and Garmin seeks $3,318.80, for copies of deposition exhibits.  Under Section 1920(4) the court may tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not.  *See Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990).  SPT asserts that all of the exhibits used in the depositions were produced during discovery by the three parties.  (Pl.'s Resp. to TomTom Bill of Costs at 9-10; Pl.'s Resp. to Garmin Bill of Costs at 8-9.)  SPT points out that Defendants took several of the depositions, and presumably had a copy of the exhibits they marked.  SPT also notes that for the depositions taken by its counsel (Geelen, Vigreux, and Davis), SPT provided Defendants' counsel with copies of the marked exhibits.  (Pl.'s Resp. to TomTom Bill of Costs at 10; Pl.'s Resp. to Garmin Bill of Costs at 9.)  Defendants thus had all of the deposition exhibits in their possession, SPT urges, and should not be permitted to recover costs for additional copies obtained for the convenience of the attorneys.  *See Cengr*, 135 F.3d at 456 ("Because [defendant] was already in possession of the deposition exhibits—plaintiff provided extra copies of the exhibits to defendant at the deposition and produced the same exhibits during discovery—we will not allow [defendant] to recover the costs of copying the 60 pages of exhibits ($19.20)."); *Srail v. Village of Lisle*, No. 07 C 2617, 2008 WL 5272459, at *3 (N.D. Ill. Dec. 15, 2008) ("[Defendant] has not shown that the deposition exhibits were anything other than extra copies of documents already in its possession.  As a result, it has not shown that the exhibits were reasonably necessary.")  The court agrees.  The costs of the exhibit copies will not be charged to SPT.

IV.     **Witness Fees**

        A.      **Witness Travel Expenses**

TomTom seeks an award of $34,459.73 for witness fees.[7]  SPT first objects to TomTom's request for $462.20 for the airfare and hotel and $267.00 for subsistence for Jocelyn Vigreux's May 28, 2009 deposition, and $1,144.00 in travel expenses for its expert Michael Shamos.   (Pl.'s Resp. to TomTom Bill of Costs at 12-13.)  Vigreux, TomTom's president, resides in Boston, and flew to Washington, D.C.—where TomTom's attorneys are located—for his deposition.  (*Id.* at 13.)  Vigreux traveled to Washington at TomTom's request, not to accommodate SPT, whose attorneys are located in Chicago.  (*Id.*)  Shamos, who resides in Pittsburgh, Pennsylvania, was also deposed in Washington, D.C.  (*Id.*)  SPT contends that it should not have to pay for the witness travel to Washington, D.C. because the depositions were held there for the convenience of TomTom's attorneys.  (*Id.*)  TomTom responds that travel costs would have been incurred by at least one party regardless of where the depositions were held (TomTom Reply at 8), but SPT's attorneys, who traveled to Washington for the depositions, could presumably have traveled to Boston and Pittsburgh instead.  In short, the witness's travel expenses would not have been incurred if Vigreux and Shamos had been deposed in their home locations.  As it was TomTom who elected to have these depositions take place in Washington, D.C., SPT's objections to costs associated the witnesses' travel and lodging are sustained.  *See McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997).

Similarly, Garmin seeks $925.64 in costs for its expert Randall Davis to travel from Massachusetts, where he resides, to Garmin's office in Kansas City, Missouri.  Garmin contends

---

[7]    TomTom originally sought $34,509.73, but has adjusted that figure to $34,459.73 based on SPT's objection to $50.00 in expenses identified on the invoice submitted by TomTom's expert Kathleen Kedrowski.  As those expenses were not itemized, TomTom has withdrawn its request to tax those expenses.  (TomTom Reply at 8, n. 4.)

that Davis was not deposed in Kansas City for the convenience of its own attorneys, but rather, because it was the most convenient location for Davis and opposing counsel. (Garmin Reply at 9-10.) Garmin offers no support for that statement, however, and SPT's objection to recovery of the expenses for this witness's travel and lodging is also sustained.

### B.    Expert Fees

TomTom seeks $12,615.00 for the fees of its infringement expert, Shamos, and $6,435.00 for the fees of its damages expert, Kedrowski. TomTom and Garmin agreed to split the cost of invalidity expert, Davis. TomTom seeks $13,466.53 in costs for Davis and Garmin seeks $12,987.50. Under Rule 54(d), district courts will not award costs that are not authorized by statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). TomTom here seeks expert fees pursuant to FED. R. CIV. P. 26(b)(4)(E), which are recoverable as costs under Rule 54(d). *See Chambers v. Ingram*, 858 F.2d 351, 360-61 (7th Cir. 1988) (discussing Rule 26(b)(4)(C), which as amended is Rule 26(b)(4)(E) ). Rule 26(b)(4)(E) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery (i) pay the expert a reasonable fee for time spent in responding to discovery. . . ." In determining whether expert fees are appropriate under Rule 26(b)(4)(E)(i), courts consider whether the fees are reasonable and whether the entire cost should be borne by the opposing party. *See Chambers*, 858 F.2d at 360. In other words, "[Rule 26(b)(4)(E)(i)] gives the court the discretion to order the seeking party [to] pay the responding party a fair portion of the fees and expenses incurred in obtaining information from the expert." *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 48 (N.D. Ill. 1989).

SPT nevertheless objects to these costs, arguing that TomTom is not entitled to them because TomTom did not signal its intentions by conditioning the expert depositions on the

reimbursement of these expenses. (Pl.'s Resp. to TomTom Bill of Costs at 16.) As SPT sees things, TomTom is effectively making an untimely 26(b)(4)(C) motion through its bill of costs. (*Id.*) The court disagrees. Rule 26(b)(4)(E) does not require a party to seek payment before the expert is produced, and as noted, expert fees pursuant to Rule 26(b)(4)(E) are recoverable as costs under Rule 54(d). *See Chambers*, 858 F.2d at 360-61. SPT also contends that it should not have to pay TomTom's expert fees because SPT retained its own experts and thus did not benefit from the work of TomTom's experts. (Pl.'s Resp. at 17.) Rule 24(b)(4)(C) was "designed to 'meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side had paid, often a substantial sum.'" *Rhee*, 126 F.R.D. at 48. "Exercise of this discretion is dependent upon whether the seeking party is learning about the other party's case, for purposes such as developing an effective expert cross examination, or going beyond this to develop his own case." *Id.* SPT directs the court's attention to *Porter v. Creative Nail Design, Inc.*, No. 87 C 789, 1988 WL 37699 (N.D. Ill. Apr. 18, 1988), in which a judge of this district denied fees where the non-prevailing party had retained its own expert. In *Porter*, however, the court distinguished between fees incurred in the development of the expert's opinion, and those incurred during deposition. *Id.* at *2-3. The former were deemed not recoverable because the non-prevailing party had retained its own expert, and thus, did not depose the opponent's expert for the primary purpose of preparing its own case. *Id.* at *2. Fees incurred related to the deposition, on the other hand, were awarded because there had been no showing of manifest injustice pursuant to Rule 26(b)(4)(C)(I). *Id.* at *3.

Here, SPT has made no showing of manifest injustice, and the court concludes that TomTom is entitled to recover fees incurred for the depositions of its experts. TomTom has explained in its reply memorandum that it is also seeking recovery of expert discovery expenses

incurred after "the time the patent went into reexamination and the PTO made its preliminary determination rejecting the claims." (TomTom Reply at 10.) TomTom acknowledges that the additional time for which it seeks recovery was time the experts spent preparing for their depositions. (*Id.* at 10-11.) "As a general rule, courts in this Circuit have ruled that the time experts spend preparing for depositions is not compensable under Rule 26." *Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96 C 6135, 2000 WL 1377111, at *5 (N.D. Ill. Sept. 25, 2000) (citation omitted). In some circumstances, however, it may be reasonable to award those amounts pursuant to Section 1920. *See Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *5 (N.D. Ill. Apr. 8, 2008); *Waters v. City of Chicago*, 526 F. Supp. 2d 899, 900-01 (N.D. Ill. 2007); *Profile Prod., LLC v. Soil Mgmt. Tech., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001); *but see Rhee*, 126 F.R.D. at 47-48.

In support of this request, TomTom and Garmin provided two invoices for Davis: the first is for 9.5 hours in February 2010, and the second for 8.5 hours of deposition time in March 2010 and an additional 18.5 hours. (Davis Invoices, Ex. B to TomTom Bill of Costs.) Aside from the deposition time, these invoices do not specify how the time was spent.8 Shamos's invoices show a total of 21.3 hours: 3.2 hours on March 23, 2010; 10.1 hours on March 24, 2010; 3.5 hours on March 25, 2010; and 4.5 hours on March 25, 2010. (*See* Shamos Invoices, Ex. B to TomTom Bill of Costs.) Similarly, these invoices do not include any itemization or description of the work for which TomTom was billed. TomTom has responded that 16.8 of these hours were spent on deposition preparation, but has not provided the court with any additional information regarding how the time was spent. (TomTom Reply at 10-11.) Kedrowski's invoice shows thirteen hours from February 1, 2010 until April 30, 2010. Of that time, TomTom asserts that

---

8       The time descriptions appear to have been redacted on these invoices.

seven hours were for deposition preparation. Again, TomTom neither offers any explanation of what the witness did to prepare during these seven hours, nor identifies which of the remaining six hours was for deposition attendance.

The court concludes that neither TomTom nor Garmin has provided information necessary for the court to evaluate whether the hours sought for deposition preparation are reasonable and whether these costs should be borne by SPT. In the absence of a sufficiently detailed explanation of the appropriateness of the time spent on deposition preparation, the costs of the experts' purported preparation time will be denied. *See Fait*, No. 01 C 2771, 2002 WL 31433424, at *4 (denying costs where invoices did not state the number or type of documents that the expert was required to review in preparation for his deposition and described deposition preparation sessions as "Plan for trial," "New report," "Work on arbitration," "Report preparation," and "Report issues."). Instead, the court awards only the time for deposition attendance: 8.5 hours for Davis and 4.5 hours for Shamos. No costs will be awarded for Kedrowski, as the court has no basis for determining how much time to award for her deposition attendance.

## C.    Experts' Hourly Rates

SPT also challenges the hourly rates charged by TomTom's experts, arguing that the rates are not reasonable. Shamos's fee is $750.00 per hour for deposition testimony, and $550.00 per hour otherwise. Davis's fee is $750.00 per hour for depositions and $700.00 otherwise. Kedrowski's fee is $495.00 per hour. In determining the reasonableness of an expert's fee, the court may consider: "(1) the witness' area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area." *Fait*, No. 01 C

2771, 2002 WL 31433424, at *4 (citing *McClain v. Owens–Corning Fiberglas Corp.*, No. 89 C

6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)).  Other factors relevant to the decision

include the amount that the expert charged the party who retained him or her, the amoutn the

expert ordinarily charged for "related matters" and "any other factor likely to be of assistance to

the court in balancing the interests implicated by Rule 26." *Fait*, 2002 WL 31433424, at *4,

citing *McClain*, 1996 WL 650524, at *5.

    Here again, TomTom and Garmin offer little evidence to support the rates requested.

Dr. Davis is a professor at the Massachusetts Institute of Technology, Dr. Shamos is a

professor at Carnegie-Mellon University, and Ms. Kedrowski is a director at Navigant

Consulting.  (TomTom Reply at 10-11.)  TomTom contends that all three are nationally

renowned and have decades of experience, but offers nothing more in support of the rates

claimed.  (*Id.*)  By way of comparison, SPT's damages expert, Gemini, who has twenty years of

accounting experience, charged a rate of $385.00 an hour, and SPT's technical expert, Peter

Nelson, Professor and Dean of the College of Engineering at University of Illinois at Chicago,

charged a rate of $375.00 an hour.  (Pl.'s Resp. to TomTom Bill of Costs at 18.)

    SPT contends that neither the technology at issue nor the damages analysis in this case

were excessively challenging or complex.  (*Id.*)  SPT observes that Davis himself opined that

"one of ordinary skill in the art" for purposes of this case is someone who "would have had at

least a Bachelor's degree in electrical engineering, computer engineering or computer science,

or a similar degree; or at least three-to-four years of experience in the computer programming

industry."  (Davis Report [376-3], Ex. W to Pl.'s Resp. to TomTom Bill of Costs, ¶ 12.)  Shamos,

similarly, stated that such a person would have only "an undergraduate degree in computer

science or at least two years' programming experience."  (Shamos Report [376-3], Ex. X to Pl.'s

Resp. to TomTom Bill of Costs, ¶ 20).  Without suggesting that anyone of ordinary skill in the art

would qualify as an expert, the court believes the rates charged by SPT's experts are sufficient to attract necessary witnesses. The court will tax the costs for Defendants' experts' deposition time at $385.00 per hour. TomTom and Garmin will each recover $1,636.25 for Davis's deposition attendance, and TomTom will recover $1,732.50 for Shamos's deposition attendance.

## V.      Fees for Exemplification

SPT objects to TomTom's request for the $360.00 fee it paid to the Internet Archive to obtain an affidavit authenticating a web page. TomTom argues that this cost was necessary and reasonable because SPT objected to the authenticity of the website. TomTom asserts it obtained the affidavit in lieu of deposing a witness on the authenticity of the website. While an affidavit is not taxable as an exemplification cost under Section 1920(4), the court will permit this cost to be recovered under Section 1920(3) as a witness fee, as TomTom obtained this affidavit in lieu of deposing a witness.

## VI.     Attorney Travel Expenses9

Finally, TomTom seeks $2,239.60 in travel expenses incurred by its attorney in traveling for the depositions of Peter Boesen in Oxford, Wisconsin; Courtney Sheerer in St. Petersburg, Florida; and Thomas Mann in Omaha, Nebraska. Section 1920 contains no provision permitting cost for a lawyers' travel expenses. *See* 28 U.S.C. § 1920. TomTom contends that "exceptional circumstances" warrant the taxation of travel expenses in this case. (TomTom Bill of Costs at 3.) Neither Section 1920, nor the case law in this Circuit recognize an exception permitting taxation of attorney travel expenses under exceptional circumstances. *See McClain*,

---

9       Garmin has withdrawn its request for $3,326.20 in costs for attorney travel. (Garmin Reply at 13.)

No. 89 C 6226, 1996 WL 650524, at *5. Further, the court finds nothing exceptional about traveling out of state to obtain a deposition. TomTom insists that travel to the deposition of the inventor Peter Boesen, which TomTom asserts included multiple delays, as well as traveling to a federal prison in rural Wisconsin where Boesen was incarcerated, constitutes exceptional circumstances. TomTom has not, however, explained how the purported delays affected its attorneys' travel expenses. Moreover, while travel to a federal prison for a deposition is indeed unusual in a patent case, TomTom has made no attempt to explain why the expenses incurred traveling to a federal prison in rural Wisconsin were more exceptional than traveling to any other location in rural Wisconsin. The court denies TomTom's request for attorney travel expenses.

## CONCLUSION

For the reasons stated above, Defendants' motions for a bill of costs [362, 363] are granted in part and denied in part. The court awards TomTom $14,202.99 and Garmin $11,729.65 in costs. Itemized awards are below.

TomTom is awarded the following costs:

| Cost | Requested | Granted |
|------|-----------|---------|
| **Fees of the Clerk** | **$200.00** | **$0.00** |
| **Docket Fees** | **$20.00** | **Withdrawn** |
| Hearing Transcripts | $368.20 | $368.20 |
| Deposition Transcripts | $14,094.35 | $7,163.20 |
| Exhibit Copies | $1,918.95 | $0.00 |
| Other Transcript Formats | $2,643.75 | $0.00 |
| Delivery | $117.20 | $0.00 |
| Expedited Delivery | $2,278.08 | $2,278.08 |
| Videotape | $3,835.00 | $0.00 |
| Appearance Fees | $419.76 | $419.76 |
| Reporter Travel | $1,512.00 | Withdrawn |
| Processing Fees | $165.00 | $165.00 |
| **Total Transcript Fees** | **$27,352.29** | **$9,533.24** |

| | | |
|---|---:|---:|
| Witness Fees | $80.00 | $80.00 |
| Vigreux Travel | $719.20 | $0.00 |
| Shamos Travel | $1,144.00 | $0.00 |
| Kedrowski Expenses | $50.00 | Withdrawn |
| Shamos Time | $12,615.00 | $1,732.50 |
| Davis Time | $13,466.53 | $1,636.25 |
| Kedrowski Time | $6,435.00 | $0.00 |
| Affidavit | $360.00 | $360.00 |
| **Total Witness Fees** | **$34,869.73** | **$3,808.75** |
| **Other Travel Costs** | **$2,239.60** | **$0.00** |
| **TOTALS** | **$64,681.62** | **$14,202.99** |

Garmin is awarded the following costs:

|  | Requested | Granted |
|---|---|---|
| Clerk | $200.00 | $0.00 |
| rvice of Summons and Subpoena | $1,129.24 | $550.00 |
| Transcripts | $369.55 | $369.55 |
| n Transcripts | $13,974.58 | $7,962.10 |
| /Delivery | $33.16 | Withdrawn |
| sks, etc. | $4,685.50 | $0.00 |
| es/DVDs | $4,825.85 | $0.00 |
| opies | $3,318.80 | $0.00 |
| nce fees | $1,092.00 | $944.00 |
| ng fees | $225.00 | $225.00 |
| cript Fees | $28,524.44 | $9,500.65 |
| vitness fee | $42.75 | $42.75 |
| ravel | $925.64 | $0.00 |
| ees | $12,987.50 | $1,636.25 |
| specified | $42.75 | Withdrawn |
| ss Fees | $13,998.64 | $1,679.00 |
| esen | $1,864.31 | Withdrawn |
| Sherrer | $1,203.84 | Withdrawn |
| Mann | $258.05 | Withdrawn |
| Costs | $3,326.20 | $0.00 |
|  | $47,178.52 | $11,729.65 |

ENTER:

Dated: January 10, 2014

_____
REBECCA R. PALLMEYER
United States District Judge